**STATE of Iowa, Appellee,**

v.

**Ross Ian Rivers CASHEN, Appellee.**

No. 01–1655.

Supreme Court of Iowa.

July 16, 2003.

Linda Del Gallo, State Appellate Defender, and Robert P. Ranschau, Assistant Public Defender, for appellant.

Thomas J. Miller, Attorney General, Cristen C. O'Dell, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Randall Jackson, Assistant County Attorney, for appellee.

STREIT, Justice.

Marijuana was found near a man who claimed it wasn't his and his girlfriend said it belonged to her. The police charged Ross Cashen with possession of the marijuana. The Iowa Court of Appeals affirmed his conviction. Cashen sought further review arguing there was insufficient evidence to prove he committed a crime and his trial counsel was ineffective for failing to move for a new trial. Because we find insufficient evidence to prove Cashen possessed the marijuana, we vacate the decision of the court of appeals and reverse the judgment and sentence of the district court.

## I. Background and Facts

Ross Cashen was convicted of possession of marijuana. Cashen was a back seat passenger in a car that was stopped for a traffic violation. There were six people in the car, four of whom were sitting in the back seat. Cashen was sitting next to a window with his girlfriend sitting on his lap. Once the officer discovered one of the passengers had an outstanding warrant, he asked everyone to get out of the car.

After receiving Cashen's consent to a search, the officer found a lighter and Zig–Zag cigarette rolling papers on him. Another officer searched Cashen's girlfriend and found cigarette rolling papers and a small baggie of marijuana seeds in her pants pocket.

The driver consented to a search of the car. The officers found a baggie of marijuana wedged in the rear seat on the side where Cashen and his girlfriend had been seated. The baggie was stuck in the crack between the back and the bottom of the rear seat. Cashen twice denied any knowledge of the pot. At the jail, Cashen asked an officer if anyone had "fessed up" to owning the marijuana. The officer said no and asked if Cashen thought someone should claim ownership. Cashen said his girlfriend owned the marijuana. While at the jail, the girlfriend admitted the marijuana was hers.

The State charged Cashen with possession of marijuana. A jury found Cashen guilty. The court denied Cashen's motion for a judgment of acquittal. Cashen appealed claiming there was insufficient evidence to support the conviction because the State failed to prove he had constructive possession of the marijuana. He also asserted his trial counsel was ineffective for failing to move for a new trial on the basis the verdict was contrary to the weight of the evidence.

The Iowa Court of Appeals affirmed Cashen's conviction. The court determined there was sufficient evidence to conclude Cashen had constructive possession

of the drugs. Specifically, the court found Cashen's initial denials about the marijuana and his later implication of his girlfriend were indicative of his knowledge of the nature and presence of the drug found in the car. The court also found there was sufficient evidence Cashen exerted dominion and control over the marijuana as evidenced by his proximity to it and his "suspicious activity." Finally, the court held trial counsel was not ineffective for failing to move for a new trial. This court granted Cashen's petition for further review.

## II. The Merits

■ On further review, we examine one issue. We consider whether there was sufficient evidence to establish Cashen's constructive possession of the drugs. We review challenges to the sufficiency of evidence for correction of errors of law. *State v. Yeo,* 659 N.W.2d 544, 547 (Iowa 2003). We will uphold the jury's verdict if there is substantial evidence to support it. *Id.* Evidence is substantial if it would convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt. *Id.* We review the record in the "light most favorable to the State, including legitimate inferences and presumptions that may fairly and reasonably be deduced from the evidence in the record." *State v. Webb,* 648 N.W.2d 72, 76 (Iowa 2002). The State has the burden to "prove every fact necessary to constitute the crime with which the defendant is charged." *Id.* "The evidence must raise a fair inference of guilt and do more than create speculation, suspicion, or conjecture." *Id.* (citing *State v. Hamilton,* 309 N.W.2d 471, 479 (Iowa 1981)).

### A. Applicable Legal Principles

■ This case turns on the legal concept of possession. In the realm of controlled substance prosecutions, possession can be either actual or constructive. *State*

*v. Maghee,* 573 N.W.2d 1, 10 (Iowa 1997). A defendant has actual possession of the drugs if he or she has "direct physical control" over the drugs. *Id.* Possession is constructive where the defendant has knowledge of the presence of the drugs "and has the authority or right to maintain control of [them]." *Id.* (citation omitted). In the case before us, Cashen did not have actual possession of the marijuana. The officers did not find the marijuana on Cashen's person. Under these circumstances, the possession to be found, if any, must be constructive.

■ It is helpful to our discussion to address the progression of our case law regarding constructive possession. We begin with *State v. Reeves* where we articulated the test for possession. 209 N.W.2d 18 (Iowa 1973). In *Reeves,* we said the State need not prove actual possession; proof of constructive possession would be enough. *Id.* at 22. We identified various principles of law relating to possession of narcotics. To prove possession the State must establish by proof: (1) the accused exercised dominion and control over the contraband; (2) the accused had knowledge of the contraband's presence; and (3) the accused had knowledge the material was a narcotic. *Id.* at 21–22. We addressed the inferences the State is permitted to make in prosecuting a controlled substance case. For example, "possession may be imputed when the contraband is found in a place which is *immediately and exclusively* accessible to the accused...." *Id.* at 22 (emphasis added). The "immediate and exclusive" access requirement stood undisturbed until 1990 when we retreated from our earlier pronouncements of fair inferences to be made in proving the elements of constructive possession.

In *State v. Rudd,* we liberalized the inferences applicable to a finding of control and dominion over contraband and ap-

proved a jury instruction that defined constructive possession as follows:

> Constructive possession occurs when the defendant maintains the control or a right to control the place where the controlled substance is found, and may be inferred when the substance is found in a place which is accessible to the defendant and subjected to her dominion and control, *or the joint dominion and control* of the defendant and other persons.

454 N.W.2d 570, 572 (Iowa 1990) (emphasis added). Our case law continued to develop and in *State v. Simpson,* we approved a similar joint possession instruction as in *Rudd.* However, the dissent in *Simpson* criticized the instruction contending it was error for the court to instruct the jury possession can be inferred upon proof that the defendant *jointly* controlled the place where the contraband was found, without also requiring proof that the place was "immediately and exclusively" accessible to the accused. 528 N.W.2d 627, 637 (Iowa 1995) (Ternus, J., dissenting). The dissent advocated a return to the principles in *Reeves,* stating those principles

> strike a balance between two competing considerations. We want to convict persons guilty of drug offenses even though they are not caught "red-handed" with the drugs on their person. (Citation omitted). However, we also want to protect innocent bystanders from being convicted for drug offenses merely because they were in the wrong place at the wrong time.

*Id.* at 636 (citing *Reid v. State,* 212 Ga. App. 787, 442 S.E.2d 852, 853 (1994)).

In *State v. McDowell* we revisited the legal principles announced in *Reeves* regarding permissible inferences to be drawn in determining whether a defendant had possession of contraband. 622 N.W.2d 305, 308 (Iowa 2001). We noted "[p]roof of

opportunity of access to a place where narcotics are found will not, without more, support a finding of unlawful possession." *Id.* (quoting *Reeves,* 209 N.W.2d at 22). In *McDowell,* we implicitly rejected the erroneous application in *Simpson* of the principles regarding inferences to be made and avoided in constructive possession cases. Specifically, we found evidence the defendant was in joint possession of the premises to be insufficient to permit an inference of possession. *Id.* In doing so, we returned to a proper application of the principles stated in *Reeves:*

> If the premises on which such substances are found are in the exclusive possession of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over such substances may be inferred. Although no further proof of knowledge by the State is required in cases of exclusive possession by the accused the inference of knowledge is rebuttable and not conclusive. *But where the accused has not been in exclusive possession of the premises but only in joint possession, knowledge of the presence of the substances on the premises and the ability to maintain control over them by the accused will not be inferred but must be established by proof. Such proof may consist either of evidence establishing actual knowledge by the accused, or evidence of incriminating statements or circumstances from which a jury might lawfully infer knowledge by the accused of the presence of the substances on the premises.*

*Id.* (quoting *Reeves,* 209 N.W.2d at 23) (emphasis added).

▮ Most recently, we addressed the issue of constructive possession and again approved of the analysis articulated in *Reeves. See Webb,* 648 N.W.2d at 79. Our decision in *Webb* overruled both *Rudd*

and *Simpson. Id.* In *Webb,* we reiterated, constructive possession is "knowledge of the presence of the controlled substances on the premises and the ability to maintain control over them." *Id.* at 81. In determining whether a defendant had constructive possession, we consider a number of factors. They include: incriminating statements made by the defendant, incriminating actions of the defendant upon the police's discovery of drugs among or near the defendant's personal belongings, the defendant's fingerprints on the packages containing drugs, and any other circumstances linking the defendant to the drugs. *Id.* at 79 (citing Emile F. Short, Annotation, *Conviction of Possession of Illicit Drugs Found in Premises of Which Defendant was in Nonexclusive Possession,* 56 A.L.R.3d 948 (1974)). We note these enumerated factors are to be used only as a guide in determining whether the State has established a case of constructive possession. Even if some of these facts are present, we are still required to determine whether all of the facts and circumstances, including those not listed above, allow a reasonable inference that the defendant knew of the drugs' presence and had control and dominion over the contraband.

## B. Analysis

■ Cashen, along with five other people, was present in the vehicle in which the drugs were found. This fact does not permit an inference of possession because (1) Cashen was not in exclusive possession of the premises—the car, and (2) Cashen did not have exclusive access to the place where the drugs were found—the back seat. The State was required to introduce other evidence that proved Cashen's actual knowledge of the drugs and his authority or right to maintain control of them.

When the police officer searched Cashen, he found cigarette rolling paper and a lighter. It could be argued Cashen's possession of the rolling papers and lighter shows he had the equipment necessary to use marijuana and he intended to use such drugs if the opportunity presented itself. It is argued that the fact Cashen had rolling papers on his person may suggest he knew the drugs were present. For this fact alone to give rise to a finding of constructive possession, we would have to make the inferential leap that Cashen had some degree of control and dominion over the drugs. Zig–Zag papers, at most, show Cashen had possession of marijuana in the past and intended to do so again in the future. However, we cannot infer from this fact alone Cashen had authority or the ability to exercise unfettered influence over these drugs.

■ Another, and perhaps stronger, factor tending to show Cashen knew the marijuana was in the car is the two statements he made to the police regarding the identity of the rightful owner. At the scene, the officers told Cashen he was under arrest for possession of marijuana. Cashen said he knew nothing about the marijuana. Again at the jail, he denied having any knowledge of the drugs. At the police station, Cashen asked if anyone had "fessed up" to its ownership. Responding that no one had claimed ownership, the police officer asked Cashen if he thought someone should. Cashen said the marijuana belonged to his girlfriend. Viewing these facts in the light most favorable to the State, we conclude the statements, at most, show Cashen had knowledge of the presence of the marijuana. Even assuming the State offered substantial evidence to prove Cashen's knowledge, the State still failed to prove the second element of the offense, i.e., Cashen had dominion and control over the marijuana.

■ There is only one relevant fact to this element of the prosecution. Cashen's

closeness to the drugs was the only evidence offered by the State relevant to the question of control and dominion. As we have already concluded, however, Cashen's proximity to the drugs, though pertinent, is not enough to show control and dominion. Cashen sat in the back seat of the car with his girlfriend seated on his lap with her back to the window. The police officer found the baggie of marijuana lodged in the rear seat on the side where Cashen had been sitting. At trial, the officer testified the baggie, in relation to Cashen, was just behind him and off to the left of his hip.

· Just as proximity to the drugs should not be used to infer knowledge, it is insufficient to prove control and dominion. *State v. Atkinson*, 620 N.W.2d 1, 3 (Iowa 2000); *accord Pena v. State*, 465 So.2d 1386, 1388 (Fla.Dist.Ct.App.1985); *People v. Huth*, 45 Ill.App.3d 910, 4 Ill.Dec. 472, 360 N.E.2d 408, 413 (1977). In *Atkinson*, we quoted with approval an Arkansas case discussing certain factors to consider when examining cases where

> contraband is found in a vehicle occupied by more than one person . . .:(1) was the contraband in plain view, (2) was it with defendant's personal effects, (3) was it found on the same side of the car seat as the defendant or immediately next to him, (4) was the defendant the owner of the vehicle, and (5) was there suspicious activity by the defendant.

*Atkinson*, 620 N.W.2d at 4 (citing *Plotts v. State*, 297 Ark. 66, 759 S.W.2d 793, 795 (1988)).

In this case, Cashen was not the owner of the car. The drugs were not in plain view. The marijuana was not found with Cashen's personal effects. After the police found the marijuana, it cannot fairly be said that Cashen's actions were of an incriminating nature. Cashen did not behave suspiciously when the car was stopped for the traffic violation. There is no evidence to suggest Cashen made any suspicious or furtive movements in an effort to conceal the drugs from the officers once the car was pulled over. An officer also testified Cashen did not smell of marijuana. There was no evidence of how long the marijuana had been in the vehicle. The State did not offer evidence showing Cashen's fingerprints on the baggie. No witness testified that the marijuana belonged to Cashen. In fact, his girlfriend claimed ownership. There was no evidence showing Cashen had control and dominion of the drugs with the ability to access them. *See Webb*, 648 N.W.2d at 77 (possession "may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused") (quoting *Reeves*, 209 N.W.2d at 22–23).

 The only fact relevant to Cashen's alleged control and dominion over the drugs was his proximity to the marijuana. Simply because a person can reach out and grasp something does not mean he or she has control or dominion over the object. A defendant's mere proximity to contraband is insufficient to support a finding of constructive possession. We do not presume possession where the defendant does not own the car and a finding of constructive possession cannot rest on mere proximity. *Atkinson*, 620 N.W.2d at 3–4. Cashen was a passenger in a car crammed with six passengers, four of whom were seated in the back seat. The other three passengers riding in the back seat were just as close to the drugs as was Cashen. Because Cashen was not in exclusive possession of the premises, but shared the vehicle with five other people, and because he did not have exclusive access to the place where the drugs were located, the State was required to prove facts *other* than mere proximity to show his dominion and control of the drugs. Regardless of one's suspi-

cions, this evidence was insufficient as a matter of law to show that Cashen had control and dominion over the marijuana.

## III. Conclusion

The evidence was insufficient to support the conviction of possession of marijuana. Our possession statute does not criminalize mere proximity to contraband. Given the circumstances above, Cashen's proximity is insufficient to prove beyond a reasonable doubt that he had dominion and control over the marijuana. Therefore, we vacate the decision of the court of appeals and reverse the district court's judgment of conviction and sentence on the charge. Our disposition of the case renders it unnecessary to address Cashen's ineffective assistance of counsel claim.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED.**