**IN THE COURT OF APPEALS OF IOWA**

No. 13-1566
Filed October 29, 2014

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**RICKY ORVILLE BENTON JR.,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Pottawattamie County, Mark J. Eveloff, Judge.

　　　　A defendant appeals his conviction and sentence for possession of controlled substances. **REVERSED.**

　　　　Marti D. Nerenstone, Council Bluffs, for appellant.

　　　　Thomas J. Miller, Attorney General, Heather Ann Mapes and Kevin Cmelik, Assistant Attorney General, Matthew Wilber, County Attorney, and Shelly Sedlak, Assistant County Attorney, for appellee.

　　　　Heard by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**VAITHESWARAN, P.J.**

Ricky Benton appeals his convictions for possession of methamphetamine with intent to deliver and possession of marijuana. He raises several arguments in support of reversal, one of which we find dispositive: whether the jury's findings of guilt are supported by substantial evidence. *See State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984) (setting forth standard of review).

The jury was instructed that the State would have to prove the following elements of possession of methamphetamine with intent to deliver:

> 1. On or about the 27th day of March 2013, the Defendant knowingly possessed methamphetamine.
> 2. The Defendant knew that the substance he possessed was methamphetamine.
> 3. The Defendant possessed the substance with the intent to deliver a controlled substance.

The jury was further instructed on the following elements of possession of marijuana:

> 1. On or about the 27th day of March 2013, the Defendant knowingly possessed marijuana.
> 2. The Defendant knew that the substance he possessed was marijuana.

Benton moved for judgment of acquittal as to the "possession" element of both crimes. Possession was defined for the jury as follows:

> The word "possession" includes actual as well as constructive possession, and also sole as well as joint possession.
> A person who has direct physical control of something on or around his person is in actual possession of it.
> A person who is not in actual possession, but who has knowledge of the presence of something and has the authority or right to maintain control of it either alone or together with someone else, is in constructive possession of it.
> If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

The jury also received the following instruction:

> Dominion and control means ownership or right to the item and the power or authority to manage, regulate or oversee its use. Mere proximity is insufficient to prove possession.

Benton asserted the State failed to establish his "dominion and control" over the drugs.[1]  The district court disagreed, finding "sufficient testimony in regard to dominion and control of those items" to raise "a jury question."

On appeal, Benton contends he did not have actual possession of the drugs and the State failed to establish constructive possession because "[t]he State's only admissible evidence of possession of any drugs was the defendant's proximity to the drugs, sitting in the passenger seat of a small car."  At oral arguments, the State agreed actual possession was lacking.  *See State v. Thomas*, 847 N.W.2d 438 (Iowa 2014) (discussing contours of actual possession).  Accordingly, we will limit our discussion to constructive possession.

We are obligated to view the evidence in the light most favorable to the State.  *Bass*, 349 N.W.2d at 500.  The evidence includes a video recording of the traffic stop, most of which was suppressed based on a pre-trial finding that the police officers engaged in a custodial interrogation of Benton without first informing him of his *Miranda* rights.[2]  Setting aside the suppressed evidence, a reasonable juror could have found the following facts.

---

[1] In a separate assignment of error, Benton challenged the two possession instructions as "contradictory and confusing" and inconsistent with precedent.  Because we are reversing based on the instructions as given, we need not address this argument.

[2] In *Miranda v. Arizona*, 384 U.S. 436, 479 (1966), the United States Supreme Court held that a suspect subjected to custodial interrogation must be warned of "the right to remain silent," anything said "can be used against [the suspect] in a court of law," "the right to the presence of an attorney," and if the suspect "cannot afford an attorney one will be appointed . . . prior to any questioning" if so desired.

A Council Bluffs police officer received a complaint about a 1992 Chevrolet traveling in a commercial area of the city. He observed the driver and passenger without seatbelts. The officer stopped the vehicle. Benton was the front seat passenger.

Because the driver did not have insurance, officers decided to impound the vehicle and conduct an inventory search. Among the items recovered from the car were a green cooler containing a scale and a straw situated on the passenger floor board. An officer also found a black pouch underneath the front passenger seat of the car. In it were "a couple bags of white crystal substance" and a bag of marijuana. Finally, officers found a jacket in the back seat containing a metal box covered with red tape and a white crystal substance inside. The white substances were later identified as methamphetamine.

Pursuant to the primary jury definition of constructive possession quoted above, the State had to prove Benton had "knowledge of the presence of" the drugs and "the authority or right to maintain control of" them.

A reasonable juror might have found Benton possessed knowledge of the presence of drugs based on his proximity to them. But proximity alone is insufficient to establish constructive possession. *See State v. Cashen*, 666 N.W.2d 566, 572 (Iowa 2003). In *Cashen* a baggie of marijuana was found just behind the defendant and "off to the left of his hip." *Id.* The court nonetheless determined this position was insufficient to establish guilt where Cashen was not the owner of the car, the drugs were not in plain view, the marijuana was not found with Cashen's personal effects, Cashen's acts were not of an incriminating

nature, and Cashen's girlfriend, who was sitting on his lap, claimed ownership. *Id.* at 572-73.

As in *Cashen*, the impounded 1992 Chevrolet belonged to the driver rather than Benton. *Id. See also State v. Carter,* 696 N.W.2d 31, 39 (Iowa 2005) (considering ownership of vehicle). Accordingly, the contents of the vehicle could as easily have belonged to the driver as to Benton.

Also as in *Cashen*, the drugs were out of sight. 666 N.W.2d at 572-73. While the pouch containing methamphetamine and marijuana was partially sticking out from under the front passenger seat and, according to one of the police officers, was "open," the officer primarily dealing with Benton missed it while scanning the passenger side of the car and no officer testified the drugs inside the pouch were in plain view. As for the drugs in the backseat, they were inside the pocket of a jacket, which was surrounded by "miscellaneous stuff" not ascribed to either of the occupants. While Benton was not wearing a jacket, the evidently balmy March afternoon renders this fact of marginal relevance. We are left with the cooler containing a scale, which an expert opined could be used to weigh drugs. This cooler was situated "between [Benton's] legs," but our record contains no indication Benton knew what was inside. Additionally, the cooler was ultimately returned to the driver rather than Benton, along with the impounded vehicle.

In sum, the record discloses two sets of drugs and one drug-related item, all on the same side of the car as Benton. *See Carter*, 696 N.W.2d at 39 (considering fact contraband was found "on the same side of the car seat as the accused or immediately next to him"). But our record does not disclose more

than the "raw physical ability" to exercise control over the items. *Id.* at 40; *State v. Atkinson*, 620 N.W.2d 1, 5 (Iowa 2000). Unlike the defendant in *Carter*, who "began rummaging to the right of him" as he evaded police, Benton took no action to exert control over the drugs in the pouch or the drugs in the jacket. *Carter*, 696 N.W.2d at 40. While he "scooted up on the chair" and appeared to be "leaning back and digging" into his back pocket, his movements were geared towards removing a small knife from the pocket—the presence of which he disclosed to the officer. He did not lean forward and down towards the drugs underneath the seat or reach over and back to retrieve the drugs in the coat pocket. *See id.* at 40-41 (discussing suspicious activity by the defendant). Given the absence of furtive movements tied to the drugs and the absence of evidence supporting the remaining factors cited by our courts, this is a "mere proximity" case. Benton may well have had knowledge of the presence of the drugs but there is insubstantial evidence to support a finding he had "the authority or right to maintain control of" them. Finding insufficient evidence of constructive possession, we reverse the jury's findings of guilt on possession with intent to deliver methamphetamine and possession of marijuana.

**REVERSED.**

Doyle, J., concurs; McDonald, J., dissents.

**McDONALD, J.** (dissenting)

The jacketless defendant was found with methamphetamine and marijuana at his feet, a bottle of pills wedged into the hinge of the passenger seat on which he was sitting, and methamphetamine in the jacket immediately behind him. When the evidence is viewed in the light most favorable to the State, including all reasonable inferences fairly drawn from the evidence, there is substantial evidence in support of the verdict. See Thomas, 847 N.W.2d 438, 442 (Iowa 2104); *State v. Thomas*, 561 N.W.2d 37, 39 (Iowa 1997) ("If a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt, the evidence is substantial."); *State v. Eubanks*, No. 13-0602, 2014 WL 2346793, at *4 (Iowa Ct. App. May 29, 2014) (holding there was substantial evidence controlled substances were in defendant's possession). Accordingly, I would affirm the defendant's conviction. I thus respectfully dissent.