# IN THE COURT OF APPEALS OF IOWA

No. 14-1172
Filed July 22, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANDREW XAVIER RAMIREZ,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Marshall County, Michael J. Moon,

Judge.


        Andrew Ramirez appeals from his convictions for robbery in the first

degree and going armed with intent.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney

General, Jennifer Miller, County Attorney, and Benjamin J. Stansberry, Assistant

County Attorney, for appellee.


        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

Following a jury trial, Andrew Ramirez appeals from his convictions for robbery in the first degree and going armed with intent. He asserts insufficient evidence supports his identity as the perpetrator of the crime, and therefore the district court erred in denying his motion for judgment of acquittal. In his pro se brief, he also argues going armed with intent should merge with the first-degree robbery conviction. We conclude that, due to the various items used in the crime, along with the victim's purse, that were found in Ramirez's basement, as well as the stolen credit and debit cards found in his wife's wallet, sufficient evidence supports his identity. Furthermore, going armed with intent is not a lesser-included offense of first-degree robbery. Consequently, we affirm the district court's denial of Ramirez's motion for judgment of acquittal, as well as Ramirez's convictions and sentence.

On September 25, 2013, the victim, an elderly woman, was entering a department store when two men walked up to her, pointed a gun at her chest, and stole her aqua-colored purse, which contained various debit and credit cards. She testified at trial that the men were wearing dark clothes and that they were young, short, without facial hair, and Hispanic. In her deposition, she stated the men did not have any tattoos, and following a lineup at the police station, she could not identify the men who robbed her. A second witness observed one of the men leaving the department store, wearing a royal blue hoodie pulled over his head. At trial, the victim testified the moments when her purse was taken were over "like a flash."

Before the victim cancelled her credit and debit cards, they were used three times at convenience stores. Officers obtained video surveillance from the stores, which showed a Hispanic woman exiting an extended cab truck at the time the cards were used. Other purchases were also made in the mall. Video obtained from the Capz store showed three people later determined to be Frances Gasca, Ramirez, and Jose Morales purchasing items. The three also visited other stores at the mall, and two attempts to make purchases were unsuccessful. All attempts to use the credit and debit cards were on September 25, 2013.

Ramirez was arrested on September 26, while with Gasca. Gasca stated she and Ramirez were married and lived together. Upon a search of their residence, officers discovered hats and a receipt from Capz dated September 25, as well as shoes purchased the same day. Officers also found the victim's purse, a BB gun, and two royal blue sweatshirts in the basement. An extended cab truck was also searched, and inside Gasca's wallet were credit and debit card receipts showing the victim's cards' numbers, as well as the victim's credit and debit cards, and her driver's license. No incriminating evidence was found in Ramirez's wallet.

On April 3, 2014, an amended trial information charged Ramirez with robbery in the first degree, in violation of Iowa Code sections 711.1(2), 711.2, 703.1, and 703.2 (2013), and going armed with intent, in violation of Iowa Code sections 708.8, 703.1, and 703.2. A jury trial commenced on April 8, 2014, in which Ramirez testified. He stated he was home the day of September 25, 2013, and Gasca was dropping the children off at school and attending a doctor's

appointment. He further testified Morales came to his home and requested that he put a sweater in Ramirez's basement. Ramirez stated he was not one of the people who stole the victim's purse, though he knew Gasca was using the stolen credit cards.

Following the close of the State's evidence, Ramirez moved for a directed verdict and renewed it with a motion for judgment of acquittal at the close of evidence. The district court denied both motions.[1] The jury returned a verdict of guilty on both counts on April 9, and Ramirez was sentenced on July 14, 2014. Ramirez appeals, arguing the State failed to prove his identity, and in his pro se brief that the going-armed-with-intent conviction should merge with the robbery conviction.

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Atkinson*, 620 N.W.2d 1, 3 (Iowa 2000). We uphold a finding of guilt if substantial evidence supports the verdict, that is, when a rational fact finder could find a defendant guilty beyond a reasonable doubt. *State v. Cashen*, 666 N.W.2d 566, 569 (Iowa 2003). We review the facts in the light most favorable to the prevailing party—here, the State. *Id.*

Ramirez first argues the State failed to prove his identity, and consequently, the district court erred in denying his motion for judgment of acquittal. He asserts that none of the stolen cards were found in his wallet, and Gasca and Morales had access to his residence. Specifically, he testified Morales came to his house and put a blue sweater in his basement; he further

---

[1] Additionally, Ramirez's combined motions for new trial and in arrest of judgment were denied by the district court after a hearing in a written order filed on May 23, 2014.

opined Morales had the victim's purse wrapped up in the sweater, which was why it was found in his basement. He denied owning the BB gun. He further relies on the fact that the victim did not accurately identify him—save for the fact she stated the men were Hispanic—and that she could not identify him in the police lineup.

However, the State argues Ramirez did not preserve error with regard to his argument the State failed to sufficiently prove the element of identity. We agree. Post trial, Ramirez argued in a combined motion in arrest of judgment and motion for new trial the State failed to provide sufficient evidence of his identity; however, neither his motion for directed verdict nor the motion for judgment of acquittal asserted this claim.[2] Though the district court in its posttrial ruling cited the sufficiency claim, "[t]o preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal." *State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004). Given the argument was not properly presented, Ramirez failed to preserve error. *See id.* at 615–16.

Nonetheless, even if a proper motion for judgment of acquittal had been asserted, we would find the record supports the jury's conclusion Ramirez was one of the men who robbed the victim. Video surveillance showed him with his

---

[2] In the motion for directed verdict, counsel stated: "I would ask for a directed verdict at this time as the State has not proved its case." In the motion for judgment of acquittal, counsel stated: "I would renew my motion of acquittal at this time." In the combined motion in arrest of judgment and motion for new trial, counsel asserted: "All evidence was circumstantial and the identity of the Defendant as the perpetrator of the crime was never established, so I renew that motion now."

wife, who was using the stolen cards at various convenience stores, as well as stores in the mall. The purchases made were for Ramirez's sole benefit, as Gasca only purchased items for Ramirez rather than for herself. Additionally, the victim's purse was found in his residence, along with the items and receipts purchased with the victim's credit and debit cards. There was also a BB gun and two blue hooded sweatshirts found in his basement. Additionally, Ramirez admitted he knew Gasca was using the stolen credit cards, and they were found in her wallet.

The jury's findings are to be liberally construed, and in cases of ambiguity, the evidence should be viewed to support the verdict. *See State v. Price*, 365 N.W.2d 632, 633 (Iowa Ct. App. 1985). Here, this evidence includes the sweatshirts, BB gun, items purchased on September 25, 2013, and the receipts found in Ramirez's residence. Although the victim could not identify Ramirez in a photo lineup or remember if he had facial hair or tattoos, she testified that the entire incident of having a gun pointed in her chest and her purse snatched was over "like a flash." Ramirez testified he was not one of the perpetrators, but credibility determinations are within the province of the factfinder. *See State v. Keeton*, 710 N.W.2d 531, 535 (Iowa 2006). Therefore, viewing the evidence in the light most favorable to the State, a rational trier of fact could conclude beyond a reasonable doubt Ramirez was one of the men who committed the robbery. *See Cashen*, 666 N.W.2d at 569.

Ramirez further presents his pro se argument that going armed with intent is a lesser-included offense of robbery in the first degree, and therefore, the two convictions should merge. A defendant may raise a claim of an illegal sentence

at any time, and we review for correction of errors at law. *State v. Halliburton*, 539 N.W.2d 339, 343 (Iowa 1995). To the extent Ramirez challenges his sentences based on constitutional arguments, our review is de novo. *See State v. Eckrich*, 679 N.W.2d 647, 649 (Iowa Ct. App. 2003).

Crimes must be merged if one of the convictions is for a lesser-included offense, that is, when the elements of the crime are the same. *Halliburton*, 539 N.W.2d at 343; *see also* Iowa Code § 701.9. To commit the crime of going armed with intent, the defendant must be armed with a dangerous weapon with the intent to use the weapon against another person, without justification. *See* Iowa Code § 708.8. For the State to convict a defendant of first-degree robbery, it must prove that the defendant, while perpetrating a robbery, purposely inflicted or attempted to inflict serious injury *or* was armed with a dangerous weapon. *See id.* § 711.2 (emphasis added).

Based on these elements, going armed with intent is not a lesser-included offense of first-degree robbery. A defendant can commit first-degree robbery without being guilty of going armed with intent. Specifically, first-degree robbery does not contain the element of intent to actually use a weapon against another, unlike the crime of going armed with intent. *Compare id.* § 711.2, *with id.* § 708.8. Consequently, these convictions should not merge, and Ramirez's argument is without merit. *See Halliburton*, 539 N.W.2d at 343.

For these reasons, we affirm Ramirez's convictions and sentences for first-degree robbery and going armed with intent.

**AFFIRMED.**