# IN THE COURT OF APPEALS OF IOWA

No. 21-0853
Filed April 13, 2022

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**ASHLIE DANIELLE ROSALES,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Plymouth County, Daniel P. Vakulskas, District Associate Judge.

The defendant appeals from her conviction of possession of methamphetamine. **AFFIRMED.**

Travis M. Visser-Armbrust of TVA Law PLLC, Sheldon, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Ahlers, JJ.

**GREER, Judge.**

In August 2020, Ashlie Rosales was in the front-passenger seat of a van that was pulled over for speeding by Plymouth County Sheriff's Deputy Kyle Petersen. When Deputy Petersen first approached the vehicle, he found three individuals inside. Neither the driver, Rosales, nor the passenger in the backseat had valid driver's licenses. Deputy Petersen asked the driver to go to his squad car with him for questioning; at that moment, there was a single can of soda in the driver-seat cup holder. The van belonged to the daughter of the backseat passenger.

Deputy Nathan Hoss arrived to assist. He asked the backseat passenger to go to his squad car and answer some questions; the deputy ultimately received the backseat passenger's consent to search the car. Deputy Hoss returned to the van and began his search while Deputy Petersen spoke with Rosales outside. During the search, Deputy Hoss found a second can of soda, which had been placed in the passenger side cup holder after the van was pulled over. When he looked inside the can, he found a baggie of what appeared to be, and later crime-lab analysis confirmed to be, methamphetamine floating inside. Under the front-passenger seat, Deputy Hoss found a glass methamphetamine pipe wrapped in a bandana and a women's t-shirt. He also found butane torches in Rosales's purse, which his testimony revealed were the lighter of choice for smoking methamphetamine. When confronted with the methamphetamine, Rosales denied that it was hers; when asked if her DNA would appear on the soda can, she admitted it might.

Rosales was arrested, and her jury trial occurred in May 2021. She was charged with possession of methamphetamine, first offense, in violation of Iowa Code section 124.401(5) (2020). The uncontested jury instructions stated the prosecution needed to prove that, on the date of her arrest, "the defendant knowingly or intentionally possessed methamphetamine" and "[t]he defendant knew that the substance she possessed was methamphetamine." At the trial, after the prosecution rested its case, Rosales made an oral motion to dismiss. Ultimately the case went to the jury, which found Rosales guilty. She now appeals, challenging whether sufficient evidence existed to support her conviction.

**Error Preservation.**

Before delving into the merits of Rosales's claim, we must determine whether she has preserved error.[1] Our rules of error preservation generally require both that the party raises the issue and that the district court rules on it before we consider it on appeal. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). But, our supreme court recently pronounced that a motion for judgment of acquittal is no longer necessary to preserve a sufficiency-of-the-evidence claim. *State v. Crawford*, ___ N.W.2d ___, ___, 2022 WL 815299, at *9 (Iowa 2022) ("We thus hold Iowa's appellate courts can review a defendant's challenge to the sufficiency of the evidence raised on direct appeal without regard to whether the defendant

---

[1] While the State did not contest error preservation in its brief, we take the issue up sua sponte. *See State v. Young*, No. 09-1938, 2011 WL 4579863, at *5 (Iowa Ct. App. Oct. 5, 2011) (citing *Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) ("In view of the range of interests protected by our error preservation rules, this court will consider on appeal whether error was preserved despite the opposing party's omission in not raising this issue at trial or on appeal.")).

filed a motion for judgment of acquittal."). "A defendant's trial and the imposition of sentence following a guilty verdict are sufficient to preserve error with respect to any challenge to the sufficiency of the evidence raised on direct appeal." *Id.* So we proceed to the merits of Rosales's claim on appeal.

**Sufficiency of the Evidence.**

We review sufficiency-of-the-evidence challenges for correction of errors at law. *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018). We "uphold a verdict if substantial evidence supports it," *id.* (citation omitted), and are "highly deferential to the jury's verdict." *State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021). "Evidence is substantial if, 'when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt.'" *Wickes*, 910 N.W.2d at 563 (citation omitted). "Evidence is not insubstantial merely because we may draw different conclusions from it; the ultimate question is whether it supports the finding actually made, not whether the evidence would support a different finding." *Jones*, 967 N.W.2d at 339 (citation omitted).

Rosales argues the State failed to prove that she knowingly possessed methamphetamine. At trial, the State agreed this was not an actual possession case, but constructive possession. The jury instructions defined constructive possession as when an individual "has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons." "Constructive possession may be proved by inferences." *State v. Reed*, 875 N.W.2d 693, 705 (Iowa 2016). But proximity alone is insufficient to support such an inference. *State v. Cashen*, 666 N.W.2d 566, 572 (Iowa 2003) ("[A] finding of constructive possession cannot rest on mere proximity."). Our

jurisprudence works to balance competing concerns, as "[c]onvictions for possession of drugs should be possible under the law, even though the defendant is not caught 'red-handed,' but innocent bystanders in the wrong place at the wrong time must be protected from a conviction." *Reed*, 875 N.W.2d at 708 (citation omitted).

Our case law lays out several factors to use in determining whether a defendant possesses contraband in a jointly occupied space:

> (1) incriminating statements made by a person; (2) incriminating actions of the person upon the police's discovery of a controlled substance among or near the person's personal belongings; (3) the person's fingerprints on the packages containing the controlled substance; and (4) any other circumstances linking the person to the controlled substance.

*Id.* at 706 (citation omitted). No one factor is dispositive, and the final factor acts as a catchall for the peculiar facts of the case. *Id.* at 705–06. And, when the contraband is found in a vehicle, other factors may be considered such as:

> (1) was the contraband in plain view; (2) was it with the person's personal effects; (3) was it found on the same side of the car or immediately next to the person; (4) was the person the owner of the vehicle; and (5) was there suspicious activity by the person.

*See State v. Maxwell*, 743 N.W.2d 185, 194 (Iowa 2008).

Here, several peculiar facts point to Rosales's possession of the methamphetamine, particularly when viewed in the light most favorable to the State. Video showed that the can containing the methamphetamine baggie was not present when the driver exited the vehicle, but appeared in the passenger-side cup holder by the time Rosales was asked to step out and Officer Hoss began his search of the car. The other passenger was seen with nothing in his hands but his cell phone when the police approached originally; Rosales, on the other hand, had

her purse in her lap. The methamphetamine pipe was found beneath her seat, wrapped in a women's t-shirt. Her purse contained butane torches, a device commonly used for smoking methamphetamine. Neither of the other individuals in the vehicle were found with any drug-related items on their persons or near their seats. Taken as a whole, Rosales had plenty of time and opportunity to put the methamphetamine in the can and move the can to the cup holder, plus she had the closest access to its location. There was drug paraphernalia under Rosales's seat and in her purse—all within her reach. *See State v. McMullen*, 940 N.W.2d 456, 462 (Iowa Ct. App. 2019) (holding "pieces of evidence supporting [a guilty verdict] are not separate pieces of evidence to be viewed in isolation; they are to be considered as a whole"). The jury could have inferred that Rosales was the one who placed the methamphetamine in the can and placed the can in the cup holder. As substantial evidence supported Rosales's possession of the methamphetamine, we affirm her conviction.

**AFFIRMED.**