# IN THE COURT OF APPEALS OF IOWA

No. 21-1687
Filed August 17, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ADAM MICHAEL SCHAEFER,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Story County, John J. Haney, Judge.

Adam Schaefer appeals his conviction. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall (until withdrawal) and Bridget A. Chambers, Assistant Attorneys General, for appellee.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

Adam Schaefer appeals his conviction for possessing methamphetamine with intent to deliver. We find the evidence sufficient to establish constructive possession and affirm.

**I. Background Facts & Proceedings**

Schaefer was tried by the court for the crime of manufacturing, delivering, or possessing with intent to manufacture or deliver methamphetamine, not more than five grams, in violation of Iowa Code section 124.401(1)(c)(7) (2020). Schaefer requested a trial on the minutes of testimony. Schaefer did not object to any of the minutes of testimony. The minutes of testimony and the incorporated reports establish the following facts:

On December 12, 2020, Schaefer was driving a truck with Minnesota license plates north on I-35 in northern Story County and came upon an accident blocking traffic with law enforcement present. Schaefer made a U-turn on the shoulder and began driving south in the north-bound lanes of the interstate, narrowly missing other vehicles heading north. A state trooper caught up to Schaefer's truck at the Story City exit, activated his emergency lights, and initiated a traffic stop. Schaefer told the trooper he must have crossed the median, but a cable barrier blocks the median to prevent crossings between the north- and south-bound lanes from Des Moines to Highway 20. The trooper smelled marijuana and asked Schaefer if he'd had any alcohol, illegal drugs, or prescription drugs. Schaefer admitted to using marijuana and turned over a small portion of a marijuana cigarette. After performing impaired driving tests, the trooper conducted a probable-cause search of Schaefer's vehicle. Schaefer indicated not everything

in the truck bed belonged to him but made no mention of the truck cab. Three additional marijuana cigarettes were found in the cab. In the back seat of the truck, the trooper found a duffel bag with toiletries, clothes, and a crystalline substance tucked in a toilet paper roll Schaefer said was "probably meth."[1] There were no other bags in the truck cab. Schaefer stated the bag and methamphetamine belonged to a friend but offered no additional information.

In September 2021, the court held a trial on the minutes and concluded Schaefer was guilty beyond a reasonable doubt of the charged offense.

Schaefer appeals.

**II. Standard of Review**

> Sufficiency of evidence claims are reviewed for a correction of errors at law. In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed "in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." "[W]e will uphold a verdict if substantial record evidence supports it." We will consider all the evidence presented, not just the inculpatory evidence. Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational [fact finder] that the defendant is guilty beyond a reasonable doubt.

*State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012) (first alteration in original) (internal citations omitted).

**III. Analysis**

Schaefer asserts the State failed to establish he knew about the methamphetamine in the duffel bag and therefore could not establish constructive possession to sustain his conviction.

---

[1] Chemical testing identified the crystalline substance as twenty-eight grams of methamphetamine.

"Constructive possession exists when the evidence shows the defendant 'has knowledge of the presence of the controlled substance and the authority or right to maintain control of it.'" *State v. Reed*, 875 N.W.2d 693, 705 (Iowa 2016) (citation omitted). "Constructive possession may be inferred when the drugs . . . are found on property in the defendant's exclusive possession." *Id.* "[P]roximity to the [contraband], though pertinent, is not enough to show control and dominion." *State v. Cashen*, 666 N.W.2d 566, 572 (Iowa 2003) (alterations in original) (citation omitted).

As Schaefer was the only person present in the vehicle but asserted non-exclusive possession of the duffel bag, we find the factors considered in *State v. Maxwell* to be informative in determining constructive possession. *See* 743 N.W.2d 185, 194 (Iowa 2008). These factors include incriminating statements, incriminating actions upon discovery of the controlled substance near or among personal belongings, fingerprints on the substance's package, and other circumstances linking the person to the substance. *Maxwell*, 743 N.W.2d at 194. When the premises is a vehicle, the other circumstances may include: "(1) was the contraband in plain view; (2) was it with the person's personal effects; (3) was it found on the same side of the car or immediately next to the person; (4) was the person the owner of the vehicle; and (5) was there suspicious activity by the person." *Id.* The "factors merely act as a guide," and the court is still required to consider whether all the facts and circumstances support a reasonable inference the defendant knew of or had dominion and control over the controlled substance. *Id.*

Evidence supporting Schaefer's constructive possession includes: Schaefer owned and was driving the vehicle[2]; he was alone in the vehicle; he had driven the wrong way on the interstate; he lied to law enforcement about why he was driving the wrong way—showing a consciousness of guilt; when informed of the search, he disclaimed ownership of the items in the bed of the truck but not the cab; only a single bag was in the cab of the truck containing clothes and toiletries along with the methamphetamine; after the methamphetamine was found, he stated the bag belonged to a friend without providing additional identification and stated he would not mention the methamphetamine discovery to his friend.

It was the court's responsibility as fact finder to weigh the evidence presented. *See State v. Lopez*, 633 N.W.2d 774, 785–86 (Iowa 2001). Viewing all the evidence in the light most favorable to the State, and accepting the reasonable inferences arising from the facts and circumstances, there is substantial evidence to support a finding Schaefer knew the methamphetamine was present and that he had control and dominion over it. *See Maxwell*, 743 N.W.2d at 194. We affirm.

**AFFIRMED.**

---

[2] The minutes of testimony do not clearly identify Schaefer as the owner of the vehicle, but his ownership may be inferred from his statement not everything in the bed of the truck was his and not denying ownership of the entire vehicle.