# IN THE COURT OF APPEALS OF IOWA

No. 23-1623
Filed February 19, 2025

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**MONICA LYNN GOERING,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Dallas County, Patrick W. Greenwood, Judge.


　　　A driver arrested after methamphetamine was discovered inside her borrowed vehicle challenges the sufficiency of the evidence supporting her conviction for possession of a controlled substance.  **AFFIRMED.**

　　　Jacob Heard of Iowa Defenders, PLLC, Clive, for appellant.

　　　Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee.

　　　Considered by Badding, P.J., Langholz, J., and Telleen, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**TELLEEN, Senior Judge.**

During a routine traffic stop for an expired registration, law enforcement spotted a suspicious capsule in Monica Goering's borrowed car. Goering's passenger admitted it contained methamphetamine. Goering said she felt "set up." A search turned up additional methamphetamine in the center console and a glass pipe in Goering's handbag. The State charged Goering with possession of methamphetamine, and a jury found her guilty. On appeal, Goering argues the evidence was insufficient to show she had actual or constructive possession of any of the drugs discovered inside the vehicle. Reviewing for legal error, we find the State presented just enough evidence to support a finding of constructive possession.

## I.    Background

In August 2022, Goering and her passenger, Chanthana Souliya, were traveling on Highway 141 in Dallas County when Deputy Nathan Heath noticed their vehicle's expired registration tag and initiated a traffic stop. The encounter was recorded by the deputy's body-worn camera. Speaking through Souliya's passenger-side window, Deputy Heath asked Goering to produce her license, registration, and proof of insurance. Goering reached for a yellow handbag in the backseat and retrieved an identification card. It took a few minutes of rummaging through the glovebox and center console before Goering and Souliya located the registration and insurance papers.

Deputy Heath stood at the passenger window while Goering and Souliya searched for the requested documents. In Souliya's pocket, he saw a butane torch-style lighter commonly used for smoking methamphetamine. The deputy

also noticed Souliya sitting on a small, pill-shaped container. When he asked to see it, Souliya lifted from the seat and began searching beneath himself. Goering picked up the container for Souliya, who handed it over to the deputy. Inside was a glass-like substance, which Souliya admitted was methamphetamine. Deputy Heath asked Goering to step out of the car. Goering, who had so far only been accused of an expired registration, told the deputy she felt "set up." When Deputy Heath asked what she meant, Goering said she felt "like it was all planned out."

Deputy Heath then searched the car. Inside the handbag from which Goering had fetched her ID, he found a glass pipe commonly used to smoke methamphetamine. Deputy Heath also found nine syringes in the vehicle's center console. Several were zipped inside a blue bag. Others were located outside the bag at "the bottom of all the items" in the console. When confronted about the syringes, Goering told Deputy Heath, "I don't use needles." Laboratory testing would later confirm the syringes contained methamphetamine. The substance in the pill-shaped container also tested positive for methamphetamine. The glass pipe was not tested.

The State charged Goering with possession of methamphetamine in violation of Iowa Code § 124.401(5) (2022). At trial, Deputy Heath testified regarding the stop and search. Body-camera footage, lab results, and photographs of the seized contraband were also admitted into evidence. Goering called her sister, Cara Jones, who testified that both the car and the syringes belonged to her—not Goering. Jones testified that she was a secret methamphetamine user at the time of Goering's arrest, and that she had left the syringes in the console just before loaning the car to Goering and Souliya. In

rebuttal, the State introduced a recording of a jail phone call during which Goering informed Jones that a piece of "rock" was inside the pill-shaped container.

The jury found Goering guilty of possession of methamphetamine under Iowa Code section 124.401(5). Goering stipulated to having been convicted of two prior possession offenses, making her crime a class "D" felony. She received an indeterminate five-year prison sentence, which the court suspended, and a three-year term of probation. Goering now appeals her conviction. She contends the evidence was insufficient to support a guilty verdict.

## II.    Discussion

We review an appeal testing the sufficiency of the evidence for correction of errors at law. *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022). The jury's verdict must stand if it is supported by substantial evidence. *State v. Cahill*, 972 N.W.2d 19, 27 (Iowa 2022). We view the evidence in the light most favorable to the State, asking whether a rational jury could find the defendant guilty beyond a reasonable doubt on each element of the charged offense. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). Goering challenges the State's evidence with respect to the element of possession, arguing the record fails to show that any of the methamphetamine discovered in the vehicle belonged to her.

To prove an offense under Iowa Code section 124.401(5), the State must show either actual or constructive possession of a controlled substance. *State v. Jones*, 967 N.W.2d 336, 341 (Iowa 2021); *State v. Cashen*, 666 N.W.2d 566, 569 (Iowa 2003). "A defendant has actual possession of the drugs if he or she has 'direct physical control' over the drugs." *Cashen*, 666 N.W.2d at 569 (quoting *State v. Maghee*, 573 N.W.2d 1, 10 (Iowa 1997)). Constructive possession, by contrast,

occurs when the defendant "has knowledge of the presence of the controlled substance" as well as "the authority or right to maintain control of it." *State v. Reed*, 875 N.W.2d 693, 706 (Iowa 2016) (citation omitted). The State did not present an actual possession theory at trial, nor does it raise one on appeal. Instead, it argues the evidence shows Goering had constructive possession of the methamphetamine.

Constructive possession can sometimes be inferred from the defendant's exclusive access to a premises. *See State v. Dewitt*, 811 N.W.2d 460, 474 (Iowa 2012) (citing *State v. Reeves*, 209 N.W.2d 18, 23 (Iowa 1973)). But when drugs are found inside a vehicle with multiple occupants, no such inference exists, and the State must point to other circumstances establishing the defendant's knowledge and control. *State v. Carter*, 696 N.W.2d 31, 39 (Iowa 2005). Relevant factors include (1) whether the drugs were in plain view, (2) whether the drugs were with the defendant's personal effects, (3) whether the drugs were near the defendant within the vehicle, (4) whether the defendant owned the vehicle, and (5) other suspicious activity by the defendant. *Id.* This list is not an exclusive list, and other considerations may support an inference of constructive possession. *Dewitt*, 811 N.W.2d at 475. The analysis ultimately "turns on the peculiar facts of each case." *Reed*, 875 N.W.2d at 705 (citation omitted).

The State accused Goering of possessing the methamphetamine in both the pill-shaped container and the console syringes. Only one theory is necessary for the jury's verdict to stand. *See* Iowa Code § 814.28. We begin with the drugs in the pill-shaped container. The State argues Goering had either "sole constructive possession or joint constructive possession" of that

methamphetamine. It contends the jury could infer Goering's control over the container because it was within her reach at the time of discovery and because Goering helped Souliya retrieve it from his seat at the deputy's request. The State points to Goering's statements at the stop and on the phone as evidence of her knowledge about the container's contents. It also cites the pipe found in Goering's handbag as circumstantial proof of her knowledge and control over the drugs.

According to Goering, these facts fall short. She likens this case to *State v. Cashen*, where our supreme court found insufficient evidence to convict a defendant for possessing a baggie of marijuana wedged in the back seat of a car in which six passengers were traveling. 666 N.W.2d at 568, 573. Among other facts, the *Cashen* court noted that the defendant did not behave suspiciously during the stop, that there was no evidence of the length of time the marijuana had been in the car, and that another passenger claimed the marijuana as her own. *Id.* at 572. It found that rolling papers in the defendant's pocket and his statements placing ownership on another passenger—even if sufficient to show knowledge— could not prove the requisite control. *Id.* at 571. On that element, the court deemed the "only . . . relevant fact" to be the defendant's "closeness to the drugs." *Id.* at 571–72. Proximity alone is not enough. *Id.* at 572.

Goering urges us to find, as the court did in *Cashen*, that the record shows nothing more than her proximity to the pill-shaped container. We have carefully considered the similarities between the two cases. Here, the State's evidence reaches just past the threshold of substantial proof for constructive possession. Although Souliya was sitting on top of the pill-shaped container, Goering indicated her knowledge of its whereabouts and exhibited at least some evidence of shared

authority by helping Souliya retrieve it from his seat.[1]  *See Carter*, 696 N.W.2d at 40 (noting possession requires "some proprietary interest" over a controlled substance).  A rational juror could also interpret Goering's statements during the stop to convey both her knowledge of, and claim to, the drugs inside the vehicle.  Further, while the glass pipe found in Goering's handbag might not prove constructive possession on its own, *see Cashen*, 666 N.W.2d at 571, we may account for it in considering the evidence as a whole, *see, e.g., State v. Rosales*, No. 21-0853, 2022 WL 1100919 (Iowa Ct. App. Apr. 13, 2022) (finding a pipe and butane torch located with a driver's personal effects evidenced her possession of meth concealed in a passenger-side cup holder).

We note the State was not required to prove that Goering possessed the drugs in the pill-shaped container to the exclusion of Souliya.  *See State v. Padavich*, 536 N.W.2d 743, 751 (Iowa 1995).  The jury was instructed that "[a] person may have sole or joint possession" and that joint possession exists where "two or more persons share actual or constructive possession."  That unchallenged instruction is law of the case for purposes of our review.  *See State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022).  Between Goering's pipe and Souliya's butane torch, the vehicle's occupants possessed a single set of equipment for smoking methamphetamine.  The jury could reasonably infer that they intended to consume

---

[1] Given that other paraphernalia in the vehicle was stowed away, a rational jury could also infer that the container's position under Souliya was not where it had been prior to the stop.  *See Jones*, 967 N.W.2d at 341 (explaining possession may be shown by circumstantial evidence and that "possession does not require proof of possession 'at the very time of arrest'" (citation omitted)).

the meth in the pill-shaped container together. Substantial evidence supports a finding of joint constructive possession.

Turning to the methamphetamine inside the console, Goering argues *Cashen* is an even stronger analogue with respect to those drugs because she denied using needles at the scene and because Jones claimed the syringes as her own. However, in reviewing for sufficiency of the evidence, we must recognize the jury "is free to believe or disbelieve any testimony as it chooses." *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993). There is no dispute that Jones owned the car Goering was driving, but she provided only a vague account of loaning the vehicle to Goering. And despite Jones's testimony that nobody in her family was aware of her addiction, Goering's reference to "rock" during her recorded call with Jones suggests the sisters shared a drug vocabulary. In any event, the credibility of Jones's story was for the jury alone to decide. Our job is to evaluate the legal adequacy of the evidence favoring the verdict.

What the State's evidence established is a set of facts lending substantial—although certainly not overwhelming—support to an inference of constructive possession. Deputy Heath discovered most of the syringes in a blue bag in the center console, which was readily accessible to Goering. *See Cashen*, 666 N.W.2d at 572 (noting proximity, although not dispositive, is "pertinent" to the possession analysis). In video footage admitted at trial, Goering briefly opens the console and manipulates the blue bag while Souliya sifts through the glove box for registration and insurance documents. When Souliya re-opens the console to continue his search, Goering picks up the blue bag and holds it away from view. At no point in the nearly four-minute hunt does Goering unzip the blue bag to look

for the papers there. Coupling this conduct with her incriminating statements, a rational jury could infer that Goering was aware of the contents of the bag, and that they were within her dominion and control. *See Jones*, 967 N.W.2d at 343 (finding a defendant's furtive behavior and incriminating remark indicated his knowledge of the contents of a bag in which methamphetamine was found, supporting an inference of possession); *Carter*, 696 N.W.2d at 40 (finding driver's suspicious movements prior to stop contributed to an inference of constructive possession).

## III.    Conclusion

On review for legal error, we must refrain from interfering with a verdict that is founded on substantial evidence, "even though the evidence may have also supported a finding favorable to the defendant." *Jones*, 967 N.W.2d at 343 (citation omitted). Mindful of that standard, we find sufficient evidence to uphold Goering's conviction for possession of methamphetamine, third offense, under Iowa Code section 124.401(5).

**AFFIRMED.**