**STATE of Iowa, Appellee,**

v.

**Dennis Eugene REEVES, Appellant.**

**No. 55193.**

Supreme Court of Iowa.

July 3, 1973.

**20**

Donald E. Doyle, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., Edward N. Wehr, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, REES, UHLENHOPP and McCORMICK, JJ.

MASON, Justice.

A jury convicted Dennis Eugene Reeves of unlawful possession of stimulant or depressant drugs in violation of section 204A.3(2), The Code, 1971. He appeals from the judgment imposing sentence.

The facts which led to defendant's arrest occurred around 1:00 p. m. June 22, 1971 when Captain Garner of the Davenport police department and five other officers went to the business of defendant for the purpose of conducting a search of the premises, pursuant to a search warrant. Captain Garner and two officers entered the front door, while the other officers simultaneously entered the rear of the building through a back door. Captain Garner found defendant in the front sales area of the shop waiting on two customers, informed defendant of their authority to conduct a search of the entire building, and proceeded to the back of the shop where the other officers had encountered and held three men in a working area.

Captain Garner began to search a small bedroom that had been partitioned off from the remainder of the back room by a bamboo curtain and semi-permanent walls. About two-thirds of the bedroom floor was covered with a mattress made up into a bed. He discovered a small plastic vial containing some yellow powder and a dixie cup containing white tablets lying in plain view on a bookshelf located at the head of the mattress. Although it was necessary to cross the bed to reach the shelf, Garner noted the bedding had not been disturbed.

When asked whether he was aware of the substances, defendant denied having knowledge of their presence and nature. However, in the course of his cross-examination, Garner expressed the view that defendant acknowledged "what white cross were, the small white tablets." At another point, the witness testified defendant said "that he didn't know what they were; didn't know anything about them. Immediate denial. He appeared to recognize, later on in the conversation, what the white crosses were, but not the powder."

Another man, one of the three who had been detained by the officers at the rear of the store, then approached Garner and, having learned defendant's shop was to be closed, stated the powder and tablets were his. Garner therefore arrested both men.

Mr. David Parmalee, a forensic chemist with the (Federal) Bureau of Narcotics and Dangerous Drugs testified that the powder in the vial and the white tablets contained the stimulant drugs d-Amphetamine and dl-Amphetamine respectively.

The testimony of the defendant established he was the sole lessee of the building and owner of the retail business, although the business license had not been transferred to his name.

In motion for directed verdict and judgment of acquittal made at the close of the State's evidence and renewed at the close of all the evidence, defendant essentially argued the evidence was insufficient to raise a jury question as to defendant's guilt of the offense of illegal possession of a stimulant or depressant drug. The motions were overruled.

In motion for judgment notwithstanding the verdict and motion for new trial defendant asserted the evidence adduced by the State did not establish that, "(1) the accused exercised dominion and control over the contraband; (2) that he had knowledge of its presence; and (3) that he had knowledge that the material was narcotic."

I. Defendant contends in seeking reversal the court erred: (1) in refusing to direct a verdict for defendant and (2) in overruling his motion for new trial.

Defendant challenges the sufficiency of the foregoing evidence to sustain his conviction for possession of a stimulant drug; more specifically defendant again asserts the State failed to prove that defendant had possession of the alleged contraband, had knowledge of its presence on the premises and was aware the material was narcotic.

■■■ As we recently pointed out in State v. Schurman, 205 N.W.2d 732, 733–734 (Iowa 1973), "This court has repeatedly held on defendant's appeal from criminal conviction based on jury verdict challenging sufficiency of evidence to sustain the verdict, the evidence is viewed in the light most favorable to the State and we accept as established all reasonable inferences tending to support the jury's action. It is necessary to consider only the supporting evidence whether contradicted or not. * * * [citing authorities] It is the task of the fact finder to resolve questions of fact and assess the credibility of witnesses. And a finding of guilt is binding on the appellate court unless without substantial support in the record. * * * [citing authorities] Furthermore, either direct or circumstantial evidence may be sufficient to warrant a verdict of guilty. However, where circumstantial evidence alone is relied on as to an essential element the circumstances must be entirely consistent with defendant's guilt, wholly inconsistent with any rational hypothesis of his innocence, and so convincing as to exclude any reasonable doubt that defendant was guilty of the offense charged. Like direct evidence it must raise a fair inference of guilt, generate something more than suspicion, speculation or conjecture."

■■■ What constitutes "possession" of a stimulant or depressant drug within the meaning of section 204A.3(2), The Code, 1971, has never been considered by this court. However, in determining the sufficiency of the evidence to support a conviction for possession of such drugs, precedents of other jurisdictions relating to possession of narcotics express the following relevant principles of law:

(1) Unlawful possession of narcotics is established by proof:

(a) that the accused exercised dominion and control (i. e., possession) over the contraband,

(b) that he had knowledge of its presence, and

(c) that the accused had knowledge that the material was a narcotic.

(2) These necessary elements of unlawful possession may be established by

circumstantial evidence and any reasonable inferences drawn from such evidence.

(3) Proof of opportunity of access to a place where narcotics are found will not, without more, support a finding of unlawful possession.

(4) But dominion and control (1–a) by the accused over the narcotic does not mean the narcotic needs to be found on his person nor does it mean that he must have had sole and exclusive use of the premises on which drugs are found.

(5) Constructive possession is all that is necessary and occurs when the accused maintains control or a right to control the narcotic; possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to his dominion and control, or to the joint dominion and control of the accused and another.

(6) If the premises on which the drugs are found are exclusively accessible to the accused and subject to his use, possession or control, knowledge of their presence on such premises (1–b) coupled with his ability to maintain dominion and control (1–a) may be inferred.

(7) Even if the accused does not have exclusive control of the hiding place possession may be imputed if he has not abandoned the narcotic and no other person has obtained possession.

(8) Knowledge of the narcotic character (1–c) of the drug, as well as of their presence (1–b) may be shown by the conduct, behavior and declarations of the accused.

The following authorities support one or more of the foregoing principles: State v. Arce, 107 Ariz. 156, 483 P.2d 1395, 1399; People v. Williams, 5 Cal.3d 211, 95 Cal. Rptr. 530, 485 P.2d 1146, 1147–1149; People v. Harrington, 2 Cal.3d 991, 88 Cal. Rptr. 161, 471 P.2d 961, 965; People v. Showers, 68 Cal.2d 639, 68 Cal.Rptr. 459, 440 P.2d 939, 942–943; Frank v. State, 199 So.2d 117, 119–121 (Fla.App.1967) (No requirement of knowledge of character of contraband); State v. Faircloth, 181 Neb. 333, 148 N.W.2d 187, 189–190; State v. Colcord, 109 N.H. 231, 248 A.2d 80, 82; State v. Maes, 81 N.M. 550, 469 P.2d 529, 533; State v. Winters, 16 Utah 2d 139, 396 P.2d 872, 874.

Other decisions dealing with the question of what constitutes possession within the meaning of the particular narcotic drug act in force in the jurisdiction involved are: State v. Vindhurst, 63 Wash.2d 607, 388 P.2d 552 (State must show possession or control but need not establish knowledge or intent); Jackson v. State, 254 A.2d 852, 853 (Del.1969) (To justify a conviction for possession of marijuana, State is obliged to prove the elements of dominion, control and authority); Davis v. State, 9 Md.App. 48, 262 A.2d 578 (Evidence must show the accused did in fact control the drug). For a discussion of the offense of illegal possession of narcotic drugs, see Annot., 91 A.L.R.2d 810 and 25 Am.Jur.2d, Drugs, Narcotics & Poisons, sections 21, 44–47.

We have read the authorities cited by defendant. He relies primarily on Sturgeon v. State, Okl.Cr.1971, 483 P.2d 335, to sustain his position. Defendant there was charged with unlawful possession of narcotics in violation of the Oklahoma statute. The evidence was seized from a pair of shoes which did not belong to defendant in a motel room registered to a person other than defendant although the accused was present at the time of the seizure. The court summarized five principles of law to aid in determining the sufficiency of evidence to support conviction. We have no quarrel with the principles announced; in fact, most of them are in substance stated in an earlier part of this opinion. Since the case is factually distinguishable from the case now before this court, it cannot be

claimed as support for defendant's contentions.

Although the foregoing principles of law find support in cases primarily involving narcotic drugs, the same rules of law apply in the instant case where the accused was charged with unlawful possession of stimulant or depressant drugs. These principles should also serve as a guideline where prosecutions for violations under chapter 204, The Code, 1973, are involved.

■ In light of the authorities cited it is our view that the correct rule in Iowa should be that before one charged with unlawful possession of narcotic, stimulant or depressant drugs or any of the substances specified under the provisions of chapter 204, The Code, 1973, may be convicted, the State must establish beyond a reasonable doubt that the accused knew of the presence of such substances on premises occupied and controlled by him, either exclusively or jointly with others and the nature of the material.

■ If the premises on which such substances are found are in the exclusive possession of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over such substances may be inferred. Although no further proof of knowledge by the State is required in cases of exclusive possession by the accused the inference of knowledge is rebuttable and not conclusive. But where the accused has not been in exclusive possession of the premises but only in joint possession, knowledge of the presence of the substances on the premises and the ability to maintain control over them by the accused will not be inferred but must be established by proof. Such proof may consist either of evidence establishing actual knowledge by the accused, or evidence of incriminating statements or circumstances from which a jury might lawfully infer knowledge by the accused of the presence of the substances on the premises. In any event, the question of

scienter or knowledge is one which must be resolved by the jury under the evidence in the case and upon proper instruction by the court embodying the principles discussed above.

■ II. In a criminal action the cause should be submitted to the jury and the court should not direct a verdict of acquittal if there is any substantial evidence reasonably tending to support the charge. See State v. Brown, 172 N.W.2d 152, 155 (Iowa 1969) and authorities cited.

■ Defendant argues that because his statements to the officers at the time of his arrest could be interpreted as partially exculpatory in that he denied any knowledge of the presence or nature of the material, the evidence merely forms the basis for a strong suspicion of defendant's knowledge of the character of the drugs.

There is evidence defendant leased the building involved and, for all practical purposes, was the owner of the business conducted therein.

It was the function of the jury to decide what reasonable inferences could be drawn from the evidence. There is evidence that defendant maintained dominion and control of the premises. There are incriminating statements by defendant and circumstances shown in the evidence from which a jury might lawfully infer knowledge by defendant of the presence of the substances on the premises and that he knew the substance in his possession was a stimulant or depressant drug.

Similar factual settings appear in the following cases: People v. Harrington, 2 Cal.3d 991, 88 Cal.Rptr. 161, 471 P.2d 961; People v. White, 71 Cal.2d 80, 75 Cal.Rptr. 208, 450 P.2d 600; Frank v. State, 199 So. 2d 117 (Fla.App.1967); Landers v. State, 114 Ga.App. 687, 152 S.E.2d 431; People v. Pugh, 36 Ill.2d 435, 223 N.E.2d 115; People v. Valot, 33 Mich.App. 49, 189 N. W.2d 873; State v. Kistler, 13 N.C.App. 431, 185 S.E.2d 596; Commonwealth v.

Schuloff, 218 Pa.Super. 209, 275 A.2d 835; Kelly v. State, 415 P.2d 187 (Okl.Cr.1966); State v. Chakos, 74 Wash.2d 154, 443 P.2d 815.

The trial court did not err either in refusing to direct a verdict for defendant or in overruling his motion for new trial.

The case is therefore

Affirmed.