STATE of Iowa, Appellee,

v.

Tawniece Kim RUDD, Appellant.

No. 88–1497.

Supreme Court of Iowa.

April 18, 1990.

Rehearing Denied May 23, 1990.

John O. Moeller, Davenport, for appellant.

Thomas J. Miller, Atty. Gen., Mark Joel Zbieroski, Asst. Atty. Gen., William E. Davis, County Atty., and Mary Howes-Davis, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

Defendant Tawniece Kim Rudd was convicted on two counts of simple possession of a controlled substance (heroin and cocaine) in violation of Iowa Code section 204.401(3) (1987). The two questions raised in her appeal concern the State's claim that she had constructive possession of the substances. First, was there sufficient evidence to make out a jury question on the issue? Second, was the jury properly instructed on the question? We think the answer to both questions is yes.

Davenport police executed a search warrant for a residence believed to be a place for drug trafficking. Two officers had begun surveillance there approximately one hour before the warrant was executed. Other officers secured the rear of the house. No one entered the home during that time but three people left it. The officers saw someone in the house but there was no response to their knock. Hence they were compelled to use a battering ram to force the door open. Only two people, defendant Tawniece Kim Rudd and a man, were in the house. Both were in an upstairs bedroom.

Rudd was sitting on the bed while the man was standing near her. Drugs and drug paraphernalia were in plain view resting on the headboard of the bed, in close proximity to Rudd.

The house was rented to a person other than Rudd. The record did not establish whether Rudd lived or stayed at the house or was a casual visitor. The house was not shown to contain any of her clothing or personal effects.

I. We set the parameters of "possession" of controlled substances in *State v. Reeves*, 209 N.W.2d 18 (Iowa 1973), a case in which the accused's dominion over the substance was indirect. Reeves' control was over the premises on which the substances were found; he was not in immediate possession of the substances themselves. Under these circumstances the case focused on whether Reeves had knowledge that the substances were there.

In drawing that focus, and in placing the question in perspective, we set out eight general legal principles to test whether possession of a substance has been established. *Id.* at 21–22. There are three elements of possession: (1) dominion and control of the substance; (2) knowledge of its presence; and (3) knowledge of its nature. *Id.* at 21. The knowledge required for the second and third elements can be, and because of their subjective nature often must be, inferred. *Id.* at 22.

Possession is actual when the substances are found on the person of the accused. Possession is constructive when the accused maintains dominion and control of the place where the substances are found. The dominion and control can be direct or indirect. It is direct when the accused is in such close proximity to the substances as to claim immediate dominion over them. It is indirect when the accused maintains or closely shares exclusive dominion over the premises where the substances are found.

It is obvious that knowledge can be more readily inferred when the accused's dominion is directly over the substance than when the dominion is merely over the premises on which the substances are found. We said:

(5) Constructive possession is all that is necessary and occurs when the accused maintains control or a right to control the narcotic; possession may be imputed when the contraband is found in a place which is immediately and exclusively accessible to the accused and subject to

[the accused's] dominion and control, or to the joint dominion and control of the accused and another.

(6) If the premises on which the drugs are found are exclusively accessible to the accused and subject to [the accused's] use, possession or control, knowledge of their presence on such premises ... coupled with [the accused's] ability to maintain dominion and control ... may be inferred.

*Id.* at 22.

■ We applied the *Reeves* principles in *State v. Pierce*, 240 N.W.2d 678 (Iowa 1976), a case where the accused exercised no dominion over the premises, but, as in the present case, was in such close proximity to the substances as to be chargeable with control over them. Pierce was a passenger in a car. Marijuana was found on the floor of the vehicle within Pierce's reach. Relying on *Reeves* we held this was sufficient for constructive possession. *Id.* at 679.

Under these authorities there was sufficient evidence from which the jury could conclude that Rudd was in constructive possession of the substances. Rudd's contention to the contrary is without merit.

II. The trial court used instruction 3007 of the uniform jury instructions of the Iowa state bar association to explain the meaning of possession. By instruction twelve the jury was told that:

possession of a controlled substance is established by the following:

a. That the defendant had knowledge of its presence, and

b. That the defendant had actual possession or exercised dominion or control over the controlled substance.

These facts may be established by either direct or circumstantial evidence or both. Possession may be either actual or constructive.

Actual possession occurs when the substance is found on the person of the defendant or in a place over which she has exclusive use and control.

Constructive possession occurs when the defendant maintains the control or a right to control the place where the controlled substance is found, and may be inferred when the substance is found in a place which is accessible to the defendant and subjected to her dominion and control, or the joint dominion and control of the defendant and other persons.

Defendant complains of the instruction, asserting it is at odds with the principles of *Reeves*. We first transferred the case to the court of appeals, and that court agreed with the defendant on this ground. On further review we find no error in the instruction.

■ Defendant seizes on language taken out of context from *Reeves* which discussed the proof required to show knowledge where the charge is derived from a shared possession of the premises:

[W]here the accused has not been in exclusive possession of the premises but only in joint possession, knowledge of the presence of the substances on the premises and the ability to maintain control over them by the accused will not be inferred but must be established by proof.

*Reeves*, 209 N.W.2d at 23. Defendant's first challenge to the instruction interprets it as allowing a finding of possession for mere control or right to control the premises (not the substances). This criticism misreads the instructions as a whole.

Uniform instruction 3007 could be improved by language making it clear that constructive possession is not established from a mere showing that substances were found on the premises over which the accused shared dominion and control.[1] But we cannot believe the jury would have derived such an understanding from the instructions here, taken as a whole.

Instructions are to be read together. *State v. Sauls*, 356 N.W.2d 516, 520 (Iowa 1984). The marshaling instructions in this case explained that the State was required

---

**1.** Uniform instruction 3007 would profit also from a definition of constructive possession more in line with our holdings in *Pierce; con-* *structive* possession is not confined to cases where the accused holds dominion over the premises.

to establish beyond a reasonable doubt that defendant knowingly and intelligently possessed heroin and cocaine, and that she knew that the substances she possessed were heroin and cocaine. Instruction eleven provided:

The term "possession" means the having or keeping of a controlled substance by the defendant. It must be a conscious possession of a substance and she must either exercise dominion or control over the substance or have the actual care and management of it.

We find no reversible error in the instruction on defendant's first challenge.

■ Rudd is also wrong in a second challenge to the instruction. She also complains that the instruction provided that constructive possession "may be inferred when the substance is found in a place which is accessible to the defendant and subjected to [her] dominion and control, or the joint dominion and control of the defendant or another person." This inference, defendant argues, applies only to situations where the accused has been in exclusive possession of the premises.

Rudd's contention is contrary to our holding in *Pierce*. There, as here, the substance was not entirely in the accused's exclusive possession. Pierce, a passenger, was not alone in the car. His dominion over the substance was very much like that of this defendant. Rudd was seated on a bed, the headboards of which contained the substance. One other person was in the room.

There was no reversible error in the instruction.

DECISION OF THE COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.