**IN THE COURT OF APPEALS OF IOWA**

No. 14-1677
Filed October 28, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ANTHONY WAYNE PIRTLE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.


A defendant appeals claiming his plea of guilty to possession of methamphetamine lacked a factual basis.  **AFFIRMED.**


Fred Stiefel, Victor, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Kelli Huser, Assistant Attorneys General, Linda Fangman, County Attorney, and Brad Walz, Assistant County Attorney, for appellee.


Considered by Mullins, P.J., and McDonald, J., and Eisenhauer, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MULLINS, Presiding Judge.**

Anthony Pirtle pled guilty to possession of methamphetamine with intent to deliver. He appeals, arguing counsel was ineffective in allowing him to plead guilty when the record of the plea proceeding failed to establish a factual basis to support a finding he knowingly possessed the methamphetamine.

The minutes of evidence establish that while executing a warrant to arrest Pirtle in the lobby of a casino hotel, a law enforcement officer took him to the floor. Officers subsequently found methamphetamine directly under where Pirtle had just been lying, and later found additional methamphetamine in his pants pocket. Pirtle was charged with possession of methamphetamine with intent to deliver.[1] Pursuant to a plea agreement, he pled guilty as charged.

At the plea hearing, the court informed Pirtle of the elements the State would have to prove. Among those elements was that "you did possess a controlled substance, methamphetamine, [and] that you knew that it was methamphetamine." The court then asked him a series of questions, including whether he was in possession of methamphetamine on the date and location alleged, to which Pirtle replied, "Yes, sir." At the request of the court, Pirtle agreed the court could rely on the minutes for further factual basis. When asked what his plea was, Pirtle said, "Guilty."

In this appeal, Pirtle argues the court erred in failing to ask him if he knowingly possessed the methamphetamine and claims his counsel was ineffective for failing to file a motion in arrest of judgment to challenge the plea.

---

[1] He was also charged with, and pled guilty to, interference with official acts causing bodily injury, but that conviction is not at issue in this appeal.

"Our cases do not require that the district court have before it evidence that the crime was committed beyond a reasonable doubt, but only that there be a factual basis to support the charge." *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). At the plea hearing, Pirtle admitted he possessed methamphetamine. In order to admit one possesses methamphetamine, one must necessarily know that he was in possession of methamphetamine.

Theoretically, one might possess a substance without prior knowledge that he was in possession.

> If the premises on which such substances are found are in the exclusive possession of the accused, knowledge of their presence on such premises coupled with his ability to maintain control over such substances may be inferred. Although no further proof of knowledge by the State is required in cases of exclusive possession by the accused the inference of knowledge is rebuttable and not conclusive.

*State v. Reeves*, 209 N.W.2d 18, 23 (Iowa 1973) (involving search of a bedroom). Pirtle has made no claim that he was not in exclusive control of his pants at any relevant time. The court informed him of the elements. He admitted possession of methamphetamine, and he pled guilty. It is reasonable to infer that he knew what was in his pants, and absent an effort to rebut that inference, no further proof is necessary. There is a factual basis for the plea.

**AFFIRMED.**