# IN THE COURT OF APPEALS OF IOWA

No. 15-0649
Filed April 6, 2016

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**ERIC ROBERT FREIHAGE,**
 Defendant-Appellant.

_____

 Appeal from the Iowa District Court for Harrison County, Mark J. Eveloff, Judge.

 Eric Freihage appeals his conviction for possession of marijuana and failure to affix a drug tax stamp. **AFFIRMED.**

 Patrick A. Sondag of Sondag Law Office, Council Bluffs, for appellant.

 Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

 Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Eric Freihage appeals following his convictions for possession of a controlled substance and failure to affix a drug tax stamp. He claims there was insufficient evidence to support his conviction for possession of a controlled substance, the district court should have given his requested jury instruction, and his trial counsel was ineffective. We find substantial evidence supports Freihage's conviction for possession of a controlled substance and the court did not abuse its discretion by declining to instruct the jury. We preserve Freihage's ineffective-assistance-of-counsel claim for potential post-conviction relief proceedings.

## I.    BACKGROUND FACTS AND PROCEEDINGS

On November 7, 2014, Iowa State Patrol Trooper Halverson was patrolling in Pisgah, Iowa, when he observed a silver van, traveling in the opposite direction, occupied by two individuals, Freihage and Jesse Hurst, who were not wearing seatbelts. Halverson made a U-turn in his patrol car and followed the van as it pulled into a gas-station parking lot. Halverson parked his car behind the van and performed a traffic stop. As Halverson spoke with Freihage (the driver of the van) and Hurst (who was sitting in the front passenger seat), he detected a "strong odor of burnt marijuana coming from the vehicle." Halverson brought Freihage back to the patrol car and left Hurst in the van. Halverson maintained a view of Hurst; Hurst did not make any suspicious movements during this time. After obtaining Freihage's information, Halverson performed a "pat-down of his person," placed him in handcuffs, and stated he was not under arrest but was being detained for Halverson to continue investigating.

After detaining Freihage, Halverson returned to the van and opened its front door. He noticed a "large gallon, ziplock bag of marijuana" on the floor of the van behind the passenger seat. The bag was in plain view and contained 6.91 ounces of marijuana. Halverson performed a "pat-down" of Hurst and found a small amount of raw marijuana in the front pocket of his pants. Hurst admitted to smoking marijuana earlier in the day but denied possession of the ziplock bag of marijuana. Halverson placed Freihage and Hurst under arrest. Freihage expressed no surprise at his own arrest but inquired as to why Hurst was under arrest.

On December 8, Freihage was charged with possession of a controlled substance (marijuana), in violation of Iowa Code section 124.401(5) (2013) and failure to affix a drug tax stamp, in violation of Iowa Code section 453B.12. He pled not guilty and demanded a speedy trial. Subsequently, Freihage filed a motion to suppress the evidence collected from the van and a motion to dismiss. On February 2, 2015, a hearing was held on Freihage's motions and the court denied his motion to dismiss and ruled evidence obtained from the van was admissible. A jury trial was held on February 10, and Freihage was found guilty of possession of a controlled substance and failure to affix a drug tax stamp. On March 19, Freihage filed combined motions for new trial, in arrest of judgment and judgment of acquittal. The court denied Freihage's motions and sentenced him to a five year term of incarceration.

Freihage now appeals.

## II. STANDARD AND SCOPE OF REVIEW

A motion for judgment of acquittal is a means of challenging the sufficiency of the evidence, and we review such claims for correction of errors at law. *State v. Serrato*, 787 N.W.2d 462, 465 (Iowa 2010). "Evidence is sufficient to withstand a motion for judgment of acquittal when, viewing the evidence in the light most favorable to the State and drawing all reasonable inferences in the State's favor, 'there is substantial evidence in the record to support a finding of the challenged element.'" *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005) (quoting *State v. Bayles*, 551 N.W.2d 600, 608 (Iowa 1996)). "Substantial evidence is that upon which a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *State v. Hagedorn*, 679 N.W.2d 666, 668–69 (Iowa 2004). In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State. *Id.* We give consideration to all of the evidence, not just that which supports the verdict, including reasonable inferences which could be derived from all the evidence. *Id.*

"We review challenges to jury instructions for correction of errors at law. We review the related claim that the trial court should have given the defendant's requested instructions for an abuse of discretion." *State v. Becker*, 818 N.W.2d 135, 140 (Iowa 2012).

Ineffective-assistance-of-counsel claims are reviewed de novo. *State v. Ambrose*, 861 N.W.2d 550, 555 (Iowa 2015). We look to see whether under the entire record and the totality of the circumstances counsel's performance was within the range of normal competency. *Id.*

**III.  MERITS**

### A.  Constructive Possession

Freihage claims the district court erred by denying his motion for judgment of acquittal as there was insufficient evidence to demonstrate he constructively possessed the marijuana found in the van.

Possession can be actual or constructive.  *State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008).  Possession is actual when the controlled substance is found on the defendant's person, and possession is constructive when the defendant has knowledge of the presence of the controlled substance and the authority or right to maintain control over it.  *State v. Carter*, 696 N.W.2d 31, 38 (Iowa 2005).  If the controlled substance was found in a place exclusively within the defendant's control, the defendant's knowledge of its presence and the defendant's ability to maintain control over it can be inferred.  *State v. Reeves*, 209 N.W.2d 18, 23 (Iowa 1973).  If the premises are not exclusively within the defendant's possession, however, no inferences can be made and constructive possession must be proven.  *Id.*

> In determining constructive possession, we look to the following factors:
>
> (1) incriminating statements made by the person; (2) incriminating actions of the person upon the police's discovery of a controlled substance among or near the person's personal belongings; (3) the person's fingerprints on the packages containing the controlled substance; and (4) any other circumstances linking the person to the controlled substance.

*Maxwell*, 743 N.W.2d at 194.  Where, as in this case, the contraband is found in a vehicle occupied by more than one person, we also consider the following additional factors:

(1) was the contraband in plain view, (2) was it with defendant's personal effects, (3) was it found on the same side of the car seat as the defendant or immediately next to him, (4) was the defendant the owner of the vehicle, and (5) was there suspicious activity by the defendant.

*See State v. Atkinson*, 620 N.W.2d 1, 4 (Iowa 2000). Even if some factors are present, the court is still required to determine whether all the facts and circumstances create a reasonable inference that the person knew of the presence of the controlled substance and had control and dominion over it. *Maxwell*, 743 N.W.2d at 194.

In denying Freihage's motion for judgment of acquittal, the court reasoned:

In regard to the possession, at this time, we've had the only other occupant of the vehicle testify that it is not his. In regards to the defendant saying there were no incriminating statements, as [the prosecutor] pointed out, the defendant asking the officer what his passenger was being charged for and not himself at the initial time, could be taken to be an incriminating statement but also with the only other occupant of that vehicle testifying that it was not his, I would deny the motion in regards to the possession, constructive possession.

Viewing the evidence in the light most favorable to the State, we agree with the district court that substantial evidence supports Freihage's conviction. In addition to the evidence listed by the court, evidence showing Freihage constructively possessed the marijuana includes the fact his wife was the owner of the vehicle, the fact the marijuana was placed within reach of the driver's seat and not easily accessed by someone sitting in the passenger seat, and that the trier of fact could infer Hurst was too "skinny" to have concealed the marijuana bag on his person prior to the traffic stop. We also note that Trooper Halverson kept watch on the vehicle while Freihage was in the squad car and noticed no

unusual actions by Hurst. We affirm Freihage's conviction for possession of a controlled substance.

## B. Jury Instructions

Freihage claims the district court abused its discretion by instructing the jury pursuant to a uniform jury instruction rather than the more particularized instruction requested by Freihage. Specifically, Freihage claims the instruction given to the jury did not fully encapsulate the theory of his defense: lack of proof he knowingly possessed any marijuana and it was actually Hurst's marijuana.

"[T]he court is not required to give any particular form of an instruction; rather, the court must merely give instructions that fairly state the law as applied to the facts of the case." *State v. Marin*, 788 N.W.2d 833, 838 (Iowa 2010). "Our review is to determine whether the challenged instruction accurately states the law and is supported by substantial evidence." *State v. Hanes*, 790 N.W.2d 545, 548 (Iowa 2010). Instructions must correctly state the law, but they do not need to "contain or mirror the precise language of the applicable statute." *State v. Schuler*, 774 N.W.2d 294, 298 (Iowa 2009). "As we have noted in the past, 'trial courts should generally adhere to the uniform instructions.'" *State v. Becker*, 818 N.W.2d 135, 143 (Iowa 2012) (citation omitted).

Here, the jury received the following instruction on possession:

> The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.
> A person who has direct physical control over a thing on [his] [her] person is in actual possession of it.
> A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it. A person's mere

presence at a place where a thing is found or proximity to the thing is not enough to support a conclusion that the person possessed the thing.

If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession or a thing, possession is joint.

Whenever the word "possession" has been used in these instructions, it includes actual as well as constructive possession and sole as well as joint possession.

Freihage proposed the following additions to this instruction:

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it. A person's mere presence at a place where a thing is found, or is in proximity to the thing is not enough to support a conclusion that the person possessed the thing.

Where the accused has not been in exclusive possession of the premises but only in joint possession, knowledge of the presence of the contraband on the premises and the ability to maintain control over the contraband by the accused will not be inferred but must be established by proof.

Proof of opportunity of access to a place where contraband is found will not, without more, support a finding of unlawful possession. The authority or right to maintain control includes something more than the "raw physical ability" to exercise control over the controlled substance. The defendant must have some proprietary interest or an immediate right to control or reduce the controlled substance to the defendant's possession.

Knowledge alone is not enough to establish constructive possession. The evidence must also support an inference that he had the ability to maintain control of the controlled substance.

The court declined to add Freihage's proposed language to the instruction,

reasoning:

The court did review the proposed instruction from the defense in regards to constructive possession and the court did determine the model instruction would be more appropriate in this case. I found it to be less confusing and, in addition, as [the prosecutor] had pointed out, obviously the cases cited and case law set forth, the court has no disagreement that's what those cases say, but they are more defense oriented. And to balance that out with a state case or two or—I'm sorry—a case or two that went in

favor of the State, would just be way too wordy and confusing to the jury. So at this time, the Court will stand by the Proposed Instruction 14, which is the model instruction.

While it is true Freihage's instruction accurately stated the law in a more in-depth manner, the district court did not abuse its discretion by submitting the uniform instruction to the jury. The uniform instruction used to define possession is an accurate statement of our caselaw definition of possession (as outlined above in subsection A). "When the instructions already accurately state the law, the defendant is not entitled to have his proposed instruction submitted to the jury." *Id.* at 147 (declining to find the district court abused its discretion for declining to give the defendant's "more coherent and concise" instruction in place of its instruction that accurately stated the law); *see, e.g.*, *State v. Peniska*, No. 13-1683, 2014 WL 6681397, at *6 (Iowa Ct. App. Nov. 26, 2015) (affirming the use of the uniform jury instruction on possession when a more particularized instruction had been proposed by the defendant). We affirm the district court's decision to deny the submission of Freihage's more particularized possession instruction to the jury.

## C. Ineffective Assistance

Freihage claims his trial counsel provided ineffective assistance by failing to request the jury be instructed on general criminal intent, knowledge, and corroboration of accomplice testimony.

"If an ineffective-assistance-of-counsel claim is raised on direct appeal from the criminal proceedings, we may decide the record is adequate to decide the claim or may choose to preserve the claim for postconviction proceedings." *State v. Straw*, 709 N.W .2d 128, 133 (Iowa 2006). Upon our review of the

record, we find it inadequate to address Freihage's ineffective-assistance-of-counsel claim. We preserve this claim for any potential postconviction relief proceedings.

**AFFIRMED.**