# IN THE COURT OF APPEALS OF IOWA

No. 15-0924
Filed June 15, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRIAN LUCHTENBURG,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Stephen C. Clark (motion to suppress) and George L. Stigler (trial), Judges.

Defendant appeals his convictions for possession of marijuana, failure to affix a drug tax stamp, and possession of methamphetamine. **AFFIRMED.**

John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Defendant Brian Luchtenburg appeals his convictions for possession of marijuana, failure to affix a drug tax stamp, and possession of methamphetamine. We conclude there was probable cause for the issuance of the search warrant and the district court properly denied Luchtenburg's motion to suppress. We find there is sufficient evidence in the record to support the convictions for possession of marijuana and possession of methamphetamine. We determine Luchtenburg has failed to show he received ineffective assistance of counsel due to his defense attorney's failure to file a motion to strike certain jurors for cause. We affirm Luchtenburg's convictions.

### I.      Background Facts & Proceedings

A United States Postal Inspector contacted the Tri-County Drug Enforcement Task Force stating he had intercepted a package, which had an odor of marijuana and weighed about eleven pounds, sent from Northern California to Jen Davis at 504 W. Lone Tree Road, Cedar Falls, Iowa. Postal authorities opened the package and found it contained a large quantity of high-grade marijuana. Most of the marijuana was removed, and a decoy substance was placed in the package.

On May 21, 2012, officers set up surveillance at 504 W. Lone Tree Road and delivered the package.[1] Jennifer Molosky, also known as Jennifer Bergmeier and as Jennifer Davis, picked up the package, and officers stopped her vehicle as she was driving towards Waterloo. Molosky stated she was

---

[1] The residence appeared to be unoccupied. Officers suspected it was used as a "drop house" for the delivery of drug shipments.

delivering the package to Brian Luchtenburg and Gayle Howard at 3445 E. Shaulis Road, Waterloo. Officers were familiar with Luchtenburg and Howard at that address because they had conducted a search there in September 2011 and seized a large quantity of methamphetamine.

Officers set up surveillance at 3445 E. Shaulis Road. Molosky dropped off the package near a fence. Shortly thereafter, Howard retrieved the package and took it into the house. When officers approached, Howard denied any knowledge of the package. Howard was advised of her *Miranda* rights. She stated there may be a marijuana bong in the residence. She denied the officers' request to search the house. Howard's friend, Rhonda Parker, was present during Howard's interactions with the officers. The residence was secured, and a search warrant was obtained based on the above information.

The search warrant was executed and officers found a marijuana bong in the living room. The officers also found a pill bottle in the living room, which had Luchtenburg's name on it and contained the ends of marijuana cigarettes. In the bedroom, inside a jewelry box in the headboard of the bed, officers found baggies containing methamphetamine, a metal spoon, and a methamphetamine pipe. Officers also found mail from Luchtenburg to Molosky's husband in the headboard. In a nightstand next to the bed the officers found mail addressed to Luchtenburg. In a suitcase in the bedroom closet, officers found large baggies containing a total of 134.3 grams of marijuana.

Luchtenburg was charged with possession of marijuana with intent to deliver, second offense; failure to affix a drug tax stamp; and possession of

methamphetamine, third or subsequent offense. The State also alleged Luchtenburg was a habitual offender.

Luchtenburg filed a motion to suppress, claiming the search warrant was issued without probable cause, officers had entered his home without permission, and there was a misrepresentation in the warrant application that Howard admitted there was a marijuana bong in the home. After a suppression hearing, the district court denied the motion to suppress. The court found Sergeant Jason Feaker of the Waterloo Police Department was more credible than Howard or Parker. The court determined the officers had consent to enter the residence, the warrant application did not contain misrepresentations, and the contents of the warrant application were sufficient to establish probable cause for the search warrant.

During the trial, Howard testified she pled guilty to possession of marijuana with intent to deliver and failure to affix a drug tax stamp. Howard stated all of the methamphetamine and marijuana found in the residence belonged to her. She stated Luchtenburg was not using illegal drugs because he was on probation. On cross-examination Howard did not know how much marijuana was found in the residence or how much it cost.

The jury found Luchtenburg guilty of possession of marijuana, third or subsequent offense; failure to affix a drug tax stamp; and possession of methamphetamine, third or subsequent offense. Luchtenburg admitted to being a habitual offender. He was sentenced to a term of imprisonment not to exceed fifteen years on each count, with the sentences on the first and second counts to

be served concurrently but consecutive to the sentence on the third count. Luchtenburg now appeals his convictions.

## II.    Motion to Suppress

Luchtenburg claims the search warrant application did not present probable cause for issuance of the search warrant. He states the totality of the facts and circumstances known to the officers at the time of the warrant application would not lead a reasonably prudent person to believe criminal activity was afoot at 3445 E. Shaulis Road. He claims Howard's statement there may be a marijuana bong in the residence is not sufficient, and there was no other evidence of illegal drugs at the home. Luchtenburg points out the only evidence linking the package of marijuana to him were the statements of Molosky.

"The Fourth Amendment requires probable cause to support a search warrant." *State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015). On constitutional issues, we review de novo, based on the totality of the circumstances. *Id.* "However, we do not make an independent determination of probable cause; rather, we determine 'whether the issuing judge had a substantial basis for concluding probable cause existed.'" *Id.* (citation omitted). We consider the information actually presented to the judge issuing the search warrant. *Id.*

In determining whether there is probable cause to issue a search warrant, a court considers,

> "whether a person of reasonable prudence would believe a crime was committed on the premises to be searched or evidence of a crime could be located there." Probable cause to search requires a probability determination that "(1) the items sought are connected

to criminal activity and (2) the items sought will be found in the place to be searched."

*Id.* (citations omitted). "[W]e draw all reasonable inferences to support the judge's finding of probable cause and give great deference to the judge's finding." *Id.* at 100.

The search warrant application included the information a postal inspector had intercepted a package containing a large quantity of high-grade marijuana, the package was picked up by Molosky, Molosky told officers she intended to deliver the package to Luchtenburg and Howard, and when she left the package at their residence, it was retrieved by Howard. The application contained the information officers conducted a search at 3445 E. Shaulis Road in September 2011 and seized a large quantity of methamphetamine. The application additionally stated Howard admitted there would be a marijuana bong inside the residence.

We determine the judge issuing the search warrant had a substantial basis for concluding probable cause existed for issuance of the search warrant. A package, which had contained a large quantity of high-grade marijuana, was taken into the house. A resident admitted there may be drug paraphernalia in the house. Also, there had previously been drug activity at the residence. We conclude the district court properly denied Luchtenburg's motion to suppress.

### III.    Sufficiency of the Evidence

Luchtenburg claims there is not sufficient evidence in the record to show he had actual or constructive possession of marijuana or methamphetamine. Luchtenburg claims the State did not present evidence linking him to the

controlled substances. He states Howard took total responsibility for the illegal drugs found in the home.

We review a challenge to the sufficiency of the evidence for the correction of errors at law. *State v. Keopasaeuth*, 645 N.W.2d 637, 639–40 (Iowa 2002). We will affirm a jury's verdict if it is supported by substantial evidence. *Id.* at 640. Possession of a controlled substance may be shown by actual or constructive possession of the substance. *State v. Reeves*, 209 N.W.2d 18, 23 (Iowa 1973). In this case, the State sought to show Luchtenburg had constructive possession of marijuana and methamphetamine. "To prove constructive possession, the State must show 'the defendant had knowledge of the controlled substance as well as the authority or right to control it.'" *State v. Kern*, 831 N.W.2d 149, 161 (Iowa 2013).

Where, as here, the defendant was not in exclusive possession of the premises, "knowledge of the presence of the substances on the premises and the ability to maintain control over them by the accused will not be inferred but must be established by proof." *See Reeves*, 209 N.W.2d at 23. The proof may be established by (1) incriminating statements; (2) incriminating actions upon the discovery by officers of a controlled substance; (3) fingerprints on the package of a controlled substance; and (4) any other circumstances linking the person to the controlled substance. *Kern*, 831 N.W.2d at 161. "The existence of constructive possession turns on the peculiar facts of each case." *State v. Reed*, 875 N.W.2d 693, 705 (Iowa 2016). "The evidence of guilt must generate more than mere suspicion, speculation, or conjecture." *Id.*

We first consider whether there is substantial evidence in the record to show Luchtenburg had constructive possession of the marijuana found in his home. Luchtenburg and Howard shared a bedroom, and the marijuana was found inside a suitcase in a closet in that bedroom. Howard testified the marijuana belonged to her, but she did not know the weight of the marijuana, how much she paid for it, or how much it was worth, and the jury could have determined she was not a credible witness.

The marijuana was additionally linked to Luchtenburg because Molosky stated she was delivering the package containing a large quantity of high-grade marijuana to Luchtenburg and Howard, and the marijuana found in the closet was of a similar high grade. Also, in the garage, officers found a shipping label sent from Northern California and addressed to Luchtenburg; the package delivered by Molosky had been sent from Northern California. Furthermore, a pill bottle bearing Luchtenburg's name and containing the ends of marijuana cigarettes was found in the living room, which could have led the jury to reject Howard's statement Luchtenburg was not involved with the illegal drugs found in their home because he was on probation. We conclude there is substantial evidence in the record to support the jury's finding Luchtenburg had constructive possession of the marijuana.

We turn to the issue of whether there is substantial evidence in the record to show Luchtenburg had constructive possession of methamphetamine. As noted above, Luchtenburg and Howard shared a bedroom. In the headboard of the bed, inside a jewelry box, which did not contain jewelry, officers found baggies with methamphetamine residue, a metal spoon, a methamphetamine

pipe, and a straw. In the headboard there was also correspondence from Luchtenburg to Molosky's husband. There was methamphetamine residue in a bag in a cigar box found on top of a dresser in the bedroom. In the drawer in the living room where officers found the pill bottle with Luchtenburg's name containing the ends of marijuana cigarettes, officers found straws and pipes used for ingesting methamphetamine. Officers also found a methamphetamine pipe in the garage. We determine there is substantial evidence in the record linking Luchtenburg to the methamphetamine found in his home and there is sufficient evidence in the record to support the jury's finding he had constructive possession of methamphetamine.

## IV.    Ineffective Assistance

Luchtenburg claims he received ineffective assistance because defense counsel did not move to strike for cause seven jurors on the ground they had fixed notions of his guilt in advance of trial. He states he did not receive a fair trial by an impartial jury.

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

During voir dire some of the jurors stated they believed Luchtenburg was guilty because he was facing trial, he had the duty to prove his innocence, and

they believed he would testify if he was innocent. Defense counsel subsequently asked each prospective juror if he or she could find Luchtenburg not guilty if the State failed to prove his guilt beyond a reasonable doubt, and each juror answered, "Yes." The district court told the jurors to keep an open mind and consider only the evidence presented in the courtroom. The court instructed the jury on the burden of proof, the presumption of innocence, and the defendant's right not to testify.

Iowa Rule of Criminal Procedure 2.18(5)(k) provides a juror may be challenged for cause for "[h]aving formed or expressed such an opinion as to the guilt or innocence of the defendant as would prevent the juror from rendering a true verdict upon the evidence submitted on the trial." Each juror stated he or she would find Luchtenburg not guilty if the State failed to prove his guilt beyond a reasonable doubt, and therefore, the record does not support Luchtenburg's claim defense counsel should have moved to strike the jurors for cause. Moreover, jurors are presumed to follow instructions. *See State v. Sanford*, 814 N.W.2d 611, 620 (Iowa 2012). We conclude Luchtenburg has failed to show he received ineffective assistance of counsel.

We affirm Luchtenburg's convictions for possession of marijuana, failure to affix a drug tax stamp, and possession of methamphetamine.

**AFFIRMED.**