# IN THE COURT OF APPEALS OF IOWA

No. 19-1496
Filed January 21, 2021

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**ALEXANDER VONRIEDEL BURGDORF,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Marion County, Steven W. Guiter,

District Associate Judge.

Alexander Vonriedel Burgdorf appeals his convictions and sentences for

possession of methamphetamine and operating while intoxicated.  **AFFIRMED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney

General, for appellee.

Considered by Tabor, P.J., Ahlers, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**CARR, Senior Judge.**

The events leading to this appeal began when an officer watched Alexander Vonriedel Burgdorf's vehicle drift into the lane of oncoming traffic. The officer noticed a malfunctioning rear lamp on Burgdorf's vehicle. Burgdorf was the vehicle's sole occupant. After stopping the vehicle, the officer observed signs that Burgdorf was under the influence of a narcotic. When the officer placed Burgdorf under arrest for driving with a suspended license, he found a small plastic bag containing methamphetamine in Burgdorf's pocket. Burgdorf refused to take field sobriety tests but registered a 0.000 blood alcohol content on a preliminary breath test. He also refused to provide a sample for chemical testing and to sign the implied consent advisory form. The State charged Burgdorf with possession of methamphetamine, second offense, and operating while intoxicated (OWI). A jury found Burgdorf guilty as charged, and the court sentenced him to serve terms of incarceration of two years for possession of methamphetamine and 365 days for OWI, run concurrently, suspended in part.

On appeal, Burgdorf first challenges evidence supporting each conviction. We review these claims for correction of legal error. *See State v. Schiebout*, 944 N.W.2d 666, 670 (Iowa 2020). In so doing, we consider all the evidence in the light most favorable to the State. *See id.* If substantial evidence supports the verdict, we affirm. *See id.*

We question whether Burgdorf preserved error on the claim he now advances. At the conclusion of the State's evidence and at the conclusion of all the evidence, he moved for a directed verdict, advancing that "any reasonable person serving as a juror would not be able to find the defendant guilty." He did

not point to the element of either offense he now argues to be deficient. To preserve error on a claim of insufficient evidence, he must raise in the trial court the specific ground he raises on appeal. *See State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004). We think his record is inadequate but choose to address the merits.

The court instructed the jury that to find Burgdorf guilty of OWI, the State had to prove that he operated a motor vehicle under the influence of a drug. Burgdorf challenges the evidence showing he was under the influence. The court instructed the jury that a person is under the influence of a drug if the evidence shows "reason or mental ability has been affected," "judgment is impaired," "emotions are visibly excited," or any "lost control of bodily actions or motions."

There is ample evidence from which the jury could find Burgdorf was under the influence at the time of the traffic stop. The officer stopped Burgdorf in part based on his erratic driving. The officer, who has training in recognizing when someone is under the influence of a controlled substance, testified about his observations of Burgdorf during the stop:

> I began to notice that he kind of had excited or active movements in the vehicle. He was a little irritable. He was kind of all over the place. I began to notice that his eyes—his pupils were dilated outside of what is considered the normal range. And just an overall appearance, perspiration, and just general factors that I observed.

When Burgdorf was uncooperative with the officer's requests to produce vehicle registration and identification, the officer instructed him to step out of the vehicle. After, the officer continued noticing signs that Burgdorf was under the influence, including his pupils' reaction to light, "his overall appearance and perspiration, [and his] dry mouth or lack of saliva." The officer testified these are symptoms of

someone under the influence of a central-nervous-system stimulant like methamphetamine. Finding a plastic bag containing a substance that appeared to be methamphetamine in Burgdorf's pocket confirmed the officer's suspicions. Although Burgdorf offers other explanations for his appearance and behavior, a reasonable person could find Burgdorf's judgment was impaired, his emotions were visibly excited, and he lost control over bodily actions. And video of Burgdorf's driving and the traffic stop allowed the jury to make its own assessment. Viewing the facts in the light most favorable to the State, substantial evidence supports Burgdorf's OWI conviction.

To convict Burgdorf of possession of methamphetamine, the State had to prove that Burgdorf "exercised dominion and control over the contraband, had knowledge of the contraband's presence, and had knowledge the material was a narcotic." *State v. Thomas*, 847 N.W.2d 438, 442 (Iowa 2014) (quoting *State v. Kern*, 831 N.W.2d 149, 160 (Iowa 2013)). Burgdorf does not dispute he had dominion and control over the substance found in his pocket or that he knew of its presence. Instead, he claims the State failed to prove that he knew the substance was methamphetamine. But the circumstances surrounding Burgdorf's arrest— his driving, signs of his impairment, and his refusal to provide a sample for chemical testing—provide substantial evidence by which the jury could infer Burgdorf's knowledge. *See State v. Reeves*, 209 N.W.2d 18, 21-22 (Iowa 1973) (noting that knowledge of the nature of the narcotic may be established by circumstantial evidence and any reasonable inferences drawn from it).

Burgdorf next challenges the trial court's refusal to continue the trial and reopen the record. Burgdorf's attorney moved to continue trial when Burgdorf

failed to show on the second day of trial. His attorney admitted he did not know Burgdorf's whereabouts or any reason for his absence. The court denied the motion after finding Burgdorf's absence was voluntary. When the trial resumed, Burgdorf's attorney rested without presenting evidence, and the court closed the record. Burgdorf appeared thirty minutes later—one and one-half hours after the scheduled start of trial. His attorney moved to reopen the record to allow testimony from a defense witness who was absent at the start of trial. The court denied the motion, again citing Burgdorf's voluntary absence.

The district court has broad discretion to grant or deny a motion for a continuance. *See State v. Leutfaimany*, 585 N.W.2d 200, 209 (Iowa 1998). We only reverse that decision if it creates an injustice. *See id.* Because both the State and the defendant have an interest in a speedy and fair trial, continuances are discouraged and should be granted only if there is a good and compelling cause and it is necessary to obtain substantial justice. *See id.* Likewise, the district court has broad discretion in ruling to reopen the record. *See State v. Long*, 814 N.W.2d 572, 576 (Iowa 2012). This includes reopening the record after the parties have rested. *See id.* But to reopen the record, the court must find it appears "necessary to the due administration of justice." *Id.* (citation omitted). Because the district court is in the best position to determine what is "necessary and appropriate to achieve substantial justice," we reverse only if its reasoning is untenable or unreasonable. *Id.* (citation omitted).

We are unable to find any abuse of discretion in the court's denial of Burgdorf's motions to continue and reopen the record. Burgdorf's attorney did not present a reason for Burgdorf's absence at the scheduled start of the second day

of trial, and he thus failed to provide a good and compelling cause for a continuance. And because counsel failed to inform the court about the defense witness Burgdorf sought to call or the subject matter of that testimony, there was no showing that reopening the record was necessary to achieve substantial justice. Because the requirements for continuing trial and reopening the record were not satisfied when the court ruled on the motions, the court did not abuse its discretion in denying them.

Finally, Burgdorf challenges his sentences, arguing it was unreasonable for the court to order incarceration rather than granting him probation. We review sentences within the statutory limits for an abuse of discretion. *See State v. Damme*, 944 N.W.2d 98, 105-06 (Iowa 2020). We affirm unless the court exercised its discretion on untenable grounds or to an unreasonable degree. *See id.* But we will not second-guess the court's decision, instead affording the sentencing court great latitude. *See id.* "If the evidence supports the sentence, the district court did not abuse its discretion." *State v. Gordon*, 921 N.W.2d 19, 24-25 (Iowa 2018).

The record supports the sentences the district court imposed. In sentencing Burgdorf, the court expressly considered information it secured from Burgdorf at the hearing, including "his age, marital status, employment, earnings, the fact that he's healthy and employed and works construction work, as well as his criminal record." These are proper considerations. *See Damme*, 944 N.W.2d at 106 ("A sentencing court weighs multiple factors, 'including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform.' Before imposing its sentence, 'the court must additionally

consider the defendant's prior record of convictions or deferred judgments, employment status, family circumstances, and any other relevant factors, as well as which of the sentencing options would satisfy the societal goals of sentencing.'" (citations omitted and emphasis removed)).  Burgdorf also provided information concerning his current probationary status on older charges and his possible need for substance-abuse treatment.  Although the court provides only a brief statement of its reasoning, it is enough to allow us to review its exercise of discretion.  *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (noting that "a 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion'" (citation omitted)).  Finding no abuse of discretion, we affirm.

**AFFIRMED.**