# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-0541
Filed April 1, 2026

————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Robert Miles Partin,**
Defendant–Appellant.

————————

Appeal from the Iowa District Court for Clinton County,
The Honorable Kimberly K. Shepherd, Judge.

————————

**AFFIRMED**

————————

Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant
Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney
General, attorneys for appellee.

————————

Considered without oral argument
by Chicchelly, P.J., and Buller and Langholz, JJ.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

After a drug dog alerted during a traffic stop of Robert Partin's vehicle, police officers found a small, opaque cloth pouch secured with a combination lock that contained methamphetamine and a methamphetamine pipe. The locked pouch was in Partin's bicycle bag along with medication prescribed to Partin and a handgun that Partin had disclosed to the officers. And so, he was eventually charged with—and after a bench trial, convicted of—possessing a controlled substance, second offense, and carrying a firearm while possessing a controlled substance. *See* Iowa Code §§ 124.401(5), 724.8B (2024).

Partin now appeals both convictions, challenging the sufficiency of the evidence that he knowingly possessed the methamphetamine because it was in an opaque, locked pouch that he claimed he never opened. But the district court found that Partin's testimony was "not believable and not credible." And substantial evidence supports that finding and the court's finding that Partin knowingly possessed the methamphetamine. We thus affirm his convictions.

\*   \*   \*

We review Partin's challenge to the sufficiency of the evidence supporting his conviction after a bench trial with the same deference we give a jury verdict. *See State v. Myers*, 924 N.W.2d 823, 826 (Iowa 2019). "The district court's finding of guilt is binding upon us unless we find there was not substantial evidence in the record to support such a finding." *State v. Warren*, 955 N.W.2d 848, 857 (Iowa 2021) (cleaned up). So are other findings of fact in the court's ruling. *See State v. Fordyce*, 940 N.W.2d 419, 425 (Iowa 2020); Iowa R. App. P. 6.907 ("Findings of fact in jury-waived cases have the effect of a special verdict."). Evidence is substantial when it "could convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt."

*Warren*, 955 N.W.2d at 857 (cleaned up). It matters not whether the evidence is direct or circumstantial. *See State v. Ernst*, 954 N.W.2d 50, 57 (Iowa 2021). And in assessing its sufficiency, "[w]e view the evidence in the light most favorable to" the court's findings and make "all legitimate inferences and presumptions that may fairly and reasonably be deduced from the evidence in the record." *Warren*, 955 N.W.2d at 856 (cleaned up).

Partin challenges only the sufficiency of the evidence that he knew methamphetamine was in the locked pouch that he admittedly possessed—a finding needed to support both convictions. *See* Iowa Code § 124.401(5)(a) (making it generally "unlawful for any person *knowingly or intentionally* to possess a controlled substance" (emphasis added)); *id.* § 724.8B (prohibiting "carrying dangerous weapons," among other circumstances, when a person "*illegally* possesses a controlled substance" (emphasis added)); *see also State v. Monnahan*, No. 24-1479, 2026 WL 221596, at *3 n.2 (Iowa Ct. App. Jan. 28, 2026). Because the methamphetamine was found in a pouch that was in Partin's exclusive possession, Partin's knowledge "may be inferred" without "further proof of knowledge by the State." *State v. Reeves*, 209 N.W.2d 18, 23 (Iowa 1973); *see also State v. Daniels,* No. 14-1442, 2016 WL 5408279, at *2 (Iowa Ct. App. Sep. 28, 2016) (applying the inference to cocaine found in bag carried by the defendant). But that "inference of knowledge is rebuttable and not conclusive." *Reeves*, 209 N.W.2d at 23.

Partin argues that he rebutted any inference of knowledge with his testimony at trial that he never opened the pouch and had no idea what was in it. He explained that he found the pouch in the front yard of a home while mowing the lawn for the family as he does "all the time." And he elaborated:

> I had to move it to mow the lawn, and then I was throwing garbage away, and I put it—I didn't know if it was something important to the family or something. The problem is, I didn't know that, so I put it in my bicycle bag,

and then was going to contact them later and then this [the traffic stop] happened on Sunday.

To be sure, if a fact-finder believed his testimony, this evidence could rebut the inference that he knew the pouch in his bag contained methamphetamine.

But the district court found Partin's testimony "to be not believable and not credible." And it was the district court's job—not ours—to assess Partin's credibility. *See State v. Brown*, 5 N.W.3d 611, 616 (Iowa 2024). What's more, there was substantial evidence in the record supporting that credibility determination. To start, the explanation itself is a bit suspicious. As the prosecutor highlighted during cross-examination, it is curious that Partin would take a pouch that he thought was the homeowners' from their property rather than leaving it there. And it could be reasonable to conclude it is unlikely that a pouch of methamphetamine would be left in a front yard undisturbed for Partin to find.

Partin also told a different story on the night of the traffic stop than he did in his testimony. A police officer testified, "He informed me that he had located the bag on the side of the road and collected it, held onto it, and placed it in his backpack along with his—the handgun." The officer said that when he questioned Partin further about picking the pouch up from the side of the road, Partin agreed "that it was irregular to just collect items that we would find on the side of the road and hold onto them, put them in our bag with our other belongings, things like that." This inconsistency casts further doubt on his testimony—especially because Partin was pressed about the irregularity of keeping an item from the side of the road and still did not offer his explanation of returning it to the owner of the yard where he found it.

And the court questioned the credibility of other parts of Partin's testimony—which could reasonably cast doubt on all of Partin's testimony.

After admitting that the gun was in the bottom of the bag where the pouch was found and that he took the gun with him to mow the lawn, Partin testified:

> I would never use it, but it's not a very secure area. People break into [the house where he mowed] all the time, and [the homeowner] has somebody there because the neighbors are—not that I would use it, but, you know, I don't want to get beat up by guys or people break into their house, of course.

The court reasoned that his statement that he "would never use" the gun was not believable in context with the rest of his explanation and the fact that the gun was loaded. And the court had the front-row seat to Partin's testimony—able to observe his demeanor when testifying on this point and the heart of his explanation about his possession of the pouch.[1]

Bottom line, on substantial-evidence review, we will not second-guess the court's credibility determinations and say that the court had to believe Partin's explanation that he did not know the pouch in his bag contained methamphetamine. *Cf. State v. Kramer*, No. 16-2048, 2018 WL 346454, at *6 & n.8 (Iowa Ct. App. Jan. 10, 2018) (rejecting challenge to court's credibility determination and finding of guilt based on attacks on specific reasons for the credibility determination). Viewing the evidence in the light most favorable to the State, a rational trier of fact could find that Partin knowingly possessed the methamphetamine. We thus affirm Partin's conviction.

**AFFIRMED.**

---

[1] Partin contends that we should reject the court's credibility determination because this was the only reason the court gave in its ruling, and it only directly related to Partin's carrying of the gun. But this reason is still relevant to Partin's credibility more broadly. And the court was only required to "find the facts specially" and "separately state its conclusions of law"—not to provide an explanation for every finding and credibility determination. Iowa R. Crim. P. 2.17(3). So we still consider all the evidence in the record.