# IN THE COURT OF APPEALS OF IOWA

No. 17-1303
Filed June 6, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN WESLEY REED,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Ida County, Edward A. Jacobson, Judge.

A defendant appeals his convictions for possession with intent to deliver (cocaine), possession with intent to deliver (marijuana), and failure to affix a drug tax stamp. **REVERSED.**

Mark C. Smith, State Appellate Defender, and Nan N. Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

John Wesley Reed appeals his convictions following a bench trial for possession with intent to deliver (cocaine), second offense, in violation of Iowa Code sections 124.401(1)(c)(2)(b) (2017) and 124.411; possession with intent to deliver (marijuana), second offense, in violation of sections 124.401(1)(d) and 124.411; and failure to affix a drug tax stamp, in violation of sections 453B.1 and 453B.12. On appeal, Reed argues the odor of burnt marijuana did not establish probable cause for a warrantless search of the trunk of the car. He also argues there is insufficient evidence to support his conviction because the State failed to prove he possessed the drugs found in the trunk.

## I. Background Facts and Proceedings.

On February 22, 2017 at 3:30 a.m., Deputy Alex Ehlers pulled over the vehicle Reed was driving for traveling sixty-seven miles per hour in a fifty-five miles-per-hour zone. Deputy Ehlers approached the passenger side and spoke to Michael Taylor, the owner of the vehicle. Deputy Ehlers observed Taylor's bloodshot, watery eyes. Deputy Ehlers asked if there was marijuana in the car. Both Taylor and Reed denied there was marijuana in the car. Deputy Ehlers checked Reed's license, discovered Reed was driving with a suspended license, and asked Reed to step out of the vehicle. Deputy Ehlers again inquired whether there was marijuana in the car, and Reed again denied its presence. When Deputy Ehlers asked for consent to search the vehicle, Reed told him Taylor owned the car and Taylor did not want Deputy Ehlers to search it.

Deputy Ehlers approached Taylor and asked for his license. Deputy Ehlers again asked whether there was marijuana in the car. Deputy Ehlers requested

consent to search the vehicle, and Taylor replied the officer should just give Reed a ticket. Deputy Ehlers told Taylor he could smell burnt marijuana in the car.

Deputy Ehlers patted down Reed for weapons, asked Taylor to step out of the vehicle, and patted down Taylor as well. Deputy Ehlers then began searching the vehicle. He first searched the front passenger seat and then the back seat area. Next, Deputy Ehlers began searching the trunk. Deputy Ehlers found a coffee can with a hidden compartment which contained some coffee but smelled like marijuana. Deputy Ehlers opened luggage found in the trunk, which Taylor stated was his. Inside, the deputy found $7225 in cash. Deputy Ehlers then called for Sheriff Wade Harriman and Deputy Andrew Schillington to join him and to bring the drug dog.

Sheriff Harriman, Deputy Shillington, and the drug dog arrived. The drug dog alerted on the trunk and the back seat of the vehicle. A gray duffel bag, belonging to Reed, was opened. In it, the officers located a black backpack with a small amount of loose marijuana on the bottom. Deputy Ehlers observed a digital scale and some plastic bags in the trunk, along with a large wrapped box, which Taylor stated was a nerf toy for his nephew. Deputy Ehlers opened the wrapped box in the trunk and found eight vacuum-sealed bags of marijuana, totaling 1398 grams, and one bag of cocaine, weighing 69 grams.

Reed was arrested and charged with possession with intent to deliver (cocaine), possession with intent to deliver (marijuana), and failure to affix a drug tax stamp for the drugs found in the trunk of Taylor's car. In April, Reed filed a motion to suppress evidence, arguing the vehicle was improperly searched without a warrant. In May, a combined suppression hearing and bench trial was held. The

district court overruled the motion to suppress, finding probable cause and exigent circumstances justified the warrantless search of the vehicle. The district court found probable cause existed because Reed and Taylor were on an indirect route, the officer smelled marijuana, Reed had a previous drug conviction in Iowa, Reed and Taylor had varied stories of why they were in Des Moines, and based on Reed and Taylor's demeanor during the stop. In a separate, summary order the district court found Reed guilty on all counts. Reed filed a motion in arrest of judgment and for new trial in August, arguing there was insufficient evidence he knowingly possessed the drugs to support the conviction. The State resisted, arguing constructive possession was proved. The court denied the motion verbally at sentencing without ruling on the issue of constructive possession and sentenced Reed. Reed appeals.

**II. Standard of Review.**

"Challenges to the sufficiency of evidence are reviewed for errors at law." *State v. Keopasaeuth*, 645 N.W.2d 637, 639–40 (Iowa 2002). When reviewing challenges to sufficiency of the evidence, "courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence. We will uphold a verdict if substantial record evidence supports it." *State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013) (citation omitted). "Evidence is substantial when 'a rational trier of fact could conceivably find the defendant guilty beyond a reasonable doubt.'" *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016) (citation omitted). If the "evidence only raises 'suspicion, speculation, or conjecture', it is not substantial evidence." *Id.* (citation omitted).

**III. Analysis.**

We turn to Reed's argument the evidence of constructive possession was insufficient since that claim is dispositive. Reed argues the State presented insufficient evidence to establish he possessed the marijuana and cocaine found in the trunk of the car belonging to Taylor. To support the convictions of possession with intent to deliver (cocaine), possession with intent to deliver (marijuana), and failure to affix a drug tax stamp to those substances, the State must prove Reed possessed the drugs found in the car. *See* Iowa Code §§ 124.401(1) ("[I]t is unlawful for any person to manufacture, deliver, or possess with the intent to manufacture or deliver."), 453B.12(2) ("[A] dealer distributing, offering to sell, or possessing taxable substances without affixing the appropriate stamps, labels, or other official indicia is guilty of a class "D" felony."). The State must prove Reed "exercised dominion and control over the contraband, had knowledge of the contraband's presence, and had knowledge the material was a narcotic." *State v. Maxwell*, 743 N.W.2d 185, 193 (Iowa 2008).

"The location in which the substance is found guides our determination of possession." *State v. Dewitt*, 811 N.W.2d 460, 474 (Iowa 2012). Possession can be either actual or constructive. *Id.* Because no substances were found on Reed's person to indicate actual possession, we must next consider whether there was sufficient evidence of constructive possession. *See id.*

To prove constructive possession, the State must show Reed "had knowledge of the controlled substance as well as the authority or right to control it." *State v. Kern*, 831 N.W.2d 149, 161 (Iowa 2013). "If the premises on which such substances are found are in the exclusive possession of the accused,

knowledge of their presence on such premises coupled with his ability to maintain control over such substances may be inferred." *State v. Reeves*, 209 N.W.2d 18, 23 (Iowa 1973). However, when the vehicle or premises are jointly occupied, constructive possession must be established by other proof. *State v. Bash*, 670 N.W.2d 135, 138 (Iowa 2003). "Proof of opportunity of access to the place where contraband is found will not, without more, support a finding of unlawful possession." *Id.* at 137. "The existence of constructive possession turns on the peculiar facts of each case." *State v. Reed*, 875 N.W.2d 693, 705 (Iowa 2016). "The evidence of guilt must generate more than mere suspicion, speculation, or conjecture." *Id.*

Proof of possession could include "incriminating statements made by the defendant, incriminating actions of the defendant upon the police's discovery of the controlled substance among or near the defendant's personal belongings, the defendant's fingerprints on the packages containing the controlled substance, and any other circumstances linking the defendant to the controlled substance." *Bash*, 670 N.W.2d at 138.

The State argues Reed made incriminating statements to the law enforcement officers during the stop. Reed stated they were headed straight home to Colorado after visiting Des Moines, but he was driving on a highway in Ida County, an indirect route between Des Moines and Colorado. The State argues Reed and Taylor made inconsistent statements regarding their activities in Des Moines during their two- to three-day stay. They stated they were visiting relatives, picking up cash from a sale of a vehicle, and getting a vehicle repaired as part of the trucking business. The State argues Reed and Taylor claimed to be friends,

but Reed could not answer several questions about Taylor. The video of the stop shows Deputy Ehlers and Reed discussing the friendship. Reed knew Taylor was a caretaker for veterans, but he did not know whether Taylor was a veteran himself. Reed did not know whether Taylor had a criminal history. The State argues it was incriminating for Reed to respond to a request to search the car by stating, "[Taylor] don't want you to search it" and, "It's not my car, I can't give you permission to do that." Reed declined to mention his recent conviction for possession of marijuana in Dallas County when talking about his criminal history.

The State also argues Reed's body language was incriminating: when asked if there were any drugs in the car, Reed shook his head from side to side, but also up and down once. *Cf. State v. Carter*, 696 N.W.2d 31, 40–41 (Iowa 2005) (finding possession when defendant did not stop the vehicle immediately, but continued driving, rummaged around in the car, struck the curb while looking for something in the center console, and gave a false name when confronted by officers, but noting that "furtive movements alone cannot support a finding of constructive possession"). We disagree with the district court's apparent conclusion that the factors cited by the State as incriminating are sufficient to support a finding of constructive possession.

The controlled substance was not found among or near Reed's personal belongings; Reed's belongings were found in the back seat and the drugs were found in the trunk of the car. The controlled substances packaging was not tested to determine whether Reed's fingerprints were on the packages.

> When the "premises" involve a motor vehicle, a court may consider these additional factors: (1) was the contraband in plain view, (2) was it with the accused's personal effects, (3) was it found

on the same side of the car seat as the accused or immediately next to him, (4) was the accused the owner of the vehicle, and (5) was there suspicious activity by the accused.

*Id.* at 39. Even if some factors are present, the court must determine whether all of the facts and circumstances taken together create a reasonable inference that the person knew of the presence of the controlled substance and had control and dominion over it. *Id.* at 39–40.

Here, the contraband was not in plain view. It was not near Reed's personal belongings but separated in the trunk. Reed did not own the vehicle. Reed maintained a calm and respectful demeanor throughout the police interaction, in contrast to Taylor, who protested the search of the vehicle. *Cf. State v. Henderson*, 696 N.W.2d 5, 9 (Iowa 2005) (drugs were found on premises occupied by the defendant and her guest; defendant was belligerent towards police whereas guest was cooperative, acted like she had nothing to hide, and denied the drugs were hers; such disparate reactions supported permissible inference that the drugs belonged to the defendant). Unlike the defendant in *Carter*, who "began rummaging to the right of him" as he evaded police, Reed took no action to exert control over the drugs. *Carter*, 696 N.W.2d at 40.

Reed owned the gray duffel bag in the back seat of the car, containing a backpack with 0.4 grams of loose marijuana in the bottom. The State argues we can infer from the marijuana found in the bottom of the backpack that Reed transported the eight sealed packages discovered in the trunk. Deputies opined the amount was consistent with the backpack having stored a larger stash and inconsistent with personal use. However, Reed is a resident of Colorado, a state that allows residents to purchase up to 28 grams of marijuana at a time for personal

recreational use. *See* Colo. Const. art. XVIII, § 16. It is speculation to conclude the small amount of residue is from transporting a large amount of marijuana rather than from other sources.

This case is analogous to *State v. Cashen*, where our supreme court determined "proximity alone is insufficient to establish constructive possession." 666 N.W.2d 566, 572 (Iowa 2003). In *Cashen*, a baggie of marijuana was found just behind the defendant and "off to the left of his hip." *Id.* The court nonetheless determined this position was insufficient to establish guilt where Cashen was not the owner of the car, the drugs were not in plain view, the marijuana was not found with Cashen's personal effects, Cashen's acts were not of an incriminating nature, and Cashen's girlfriend, who was sitting on his lap, claimed ownership. *Id.* at 572–73.

We find the State presented insufficient evidence to support Reed's possession of the marijuana and cocaine found in the trunk. Therefore, we reverse the judgments and sentence for possession with intent to deliver (cocaine), possession with intent to deliver (marijuana), and failure to affix a drug tax stamp. In light of our conclusion, we need not address the suppression issue raised by Reed.

**REVERSED.**